UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| DOUGLAS WAIN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 5:24-cv-00305-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| JUDGE KIMBERLY BUNNELL, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Plaintiffs Douglas and Elisa Wain filed a complaint against Judge Kimberly Bunnell and Judge Jacqueline Caldwell on October 28, 2024. More than 90 days have passed and it appears that the Defendants have not been served in accordance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(m). Despite Plaintiff Douglas Wain's recent filing of "proof of service," [R. 8, 9], the plaintiffs have not obtained summonses in this Court, as required by Rule 4 of the Federal Rules of Civil Procedure. Accordingly, it is hereby **ORDERED** that Plaintiffs Douglas Wain and Elisa Wain must **SHOW CAUSE** within **14 days** why this matter should not be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

This the 26th day of February, 2025.

Gregory F. Van Tatenhove
United States District Judge



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# (LEXINGTON DIVISION)

DOUGLAS A. WAIN ET AL. )
 )
    Plaintiff, )
 )
vs. )
 )
KIMBERLY NELL BUNNELL, JUDGE )     CASE NO. 5:24-cv-00305-GFVT
 )
and )
 )
JACQUELINE M. CALDWELL, JUDGE )
 )
    Defendants. )

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE AND REQUEST FOR EXTENSION OF TIME

\*\*\*

Plaintiffs respectfully submit this response to the Court's **Order to Show Cause** dated **February 26, 2025,** and hereby request an extension of **thirty (30) days,** from **February 26, 2025, to March 28, 2025,** to re-serve the Defendant and fully comply with **Rule 4(m) of the Federal Rules of Civil Procedure.**

## I.  INTRODUCTION

In this case, the Plaintiffs previously believed that service was properly effectuated in compliance with **Rule 4(m)** and were unaware of any deficiencies until receiving this Court's **Order to Show Cause** by U.S. Mail on **March 5, 2025.** Upon receipt of the Order, Plaintiffs acted in good faith and immediately took steps to correct any potential deficiencies in service on **March 5, 2025.**

Given Plaintiffs' good faith efforts both prior to and after receiving the Court's Order, Plaintiffs respectfully request that this Honorable Court grant an extension until **March 28, 2025**, to effectuate proper service in full compliance with **Rule 4(m) of the Federal Rules of Civil Procedure.**

## II.  ARGUMENT

On **January 15, 2025**, Plaintiffs retained **ABC Legal Services**, a reputable and leading process service provider **https://www.abclegal.com**, 1099 Stewart St., Suite 700, Seattle, WA 98101), to serve Defendants **Kimberly Nell Bunnell, Judge** (120 North Limestone Street, Lexington, KY 40507) and **Jacqueline M. Caldwell, Judge** (100 E Main St, Suite 200, Springfield, KY 40069).

ABC Legal Services effectuated service on:

**Judge Bunnell** on **January 21, 2025**

**Judge Caldwell** on **February 4, 2025**

Copies of the corresponding **Proofs of Service** were submitted to this Honorable Court on **February 1, 2025**, and **February 13, 2025**, respectively. Plaintiffs paid **$311.10** to ABC Legal Services for these services.

ABC Legal Services assured Plaintiffs that due diligence would be exercised to ensure compliance with the **U.S. District Court, Eastern District of Kentucky (EDKY) rules for service of process**, and that *"local diligence requirements are met."* However, on **March 5, 2025**, Plaintiffs were unexpectedly informed that the service may not have included the proper documentation. ABC Legal Services has since initiated an internal investigation into this issue.

Upon receiving the Court's **Order to Show Cause** on **March 5, 2025**, Plaintiffs took **immediate action** to correct any deficiencies. That same day, Plaintiffs shipped, via **Next Day Air**, the two summonses for the **U.S. District Court (EDKY) Clerk** to sign. The **U.S. District Court, Eastern District of Kentucky, received this request on March 6, 2025**.

On **March 7, 2025**, Katie, a representative from the **U.S. District Court (EDKY) Clerk's Office**, confirmed that the two summonses had been signed and were already in transit back to the Plaintiffs. On March 10, 2025, Plaintiffs **received** the original Summons **signed by the Clerk**. The Plaintiffs are **immediately** arranging for service upon the Defendants as follows:

**Judge Kimberly Nell Bunnell** through the **Fayette County, Kentucky Constable**

**Judge Jacqueline M. Caldwell** through the **Washington County, Kentucky Sheriff's Office**

Plaintiffs will not delay completing this process and will ensure full compliance with **Rule 4(m) of the Federal Rules of Civil Procedure**.

### III.  CONCLUSION

For the reasons set forth in this filing, and in light of Plaintiffs' good faith efforts both before and after receiving the Court's Order, Plaintiffs respectfully request that this Honorable Court grant an extension until **March 28, 2025**, to effectuate proper service in full compliance with **Rule 4(m) of the Federal Rules of Civil Procedure**.

Furthermore, the issues in this case are of **critical importance** as they pertain to the **civil rights and due process** of both the Plaintiffs and the public.

## IV.  EXHIBITS

There are four Exhibits included with this filing:

**Exhibit 1** – Order to Show Cause issued by the U.S. District Court, Eastern District of

Kentucky, Case No. 5:24-cv-00305-GFVT (One page, dated February 26,

2025).

**Exhibit 2** – Proof of service documentation from ABC Legal Services, including two

completed process service records (Seven pages, received March 10, 2025).

**Exhibit 3** – Plaintiff's correspondence to the U.S. District Court, Eastern District of

Kentucky, requesting the Clerks signature and proof of delivery of the letter

to the Court (Four pages, dated March 5, 2025).

**Exhibit 4** – SUMMONS IN A CIVIL ACTION U.S. in District Court, Eastern District of

Kentucky, for Judge Kimberly Nell Bunnell and Judge Jacqueline M.

Caldwell signed by the Clerk of the Court, Robert R. Carr (Two pages, dated

March 6, 2025).

Respectfully submitted, March 10, 2025

*Douglas A. Wain, Pro Se*
*Plaintiff*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*

*859.494.3677*

*Elisa Wain, Pro Se*
*Plaintiff*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was duly served by email or mail on this 10th day of March 2025:

Kimberly Nell Bunnell, Judge
Stephens Circuit Courthouse
120 North Limestone Street Lexington, KY 40507
kimbunnell@kycourts.net
859.246.2210
*Defendant*

Jacqueline M. Caldwell, Judge
Washington County Judicial Center
100 East Main Street, Suite 200
Springfield, KY 40069-1363
859.336.1076
*Defendant*

Respectfully submitted, March 10, 2025

**Page 5 of 6**

*Douglas A. Wain, Pro Se*
*Plaintiff*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*


*Elisa Wain, Pro Se*
*Plaintiff*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

**douglaswain@gmail.com**

| | |
|---|---|
| **Subject:** | FW: Attn Lauren R. Nichols/BGD - I think we are OK with Mr. David Hemminger. Douglas A. Wain 859.494.3677    RE: Wain/Central Bank: Analysis of Potential Counterclaims |

**From:** O'Donnell, Kimberly J. <KODonnell@bgdlegal.com>
**Sent:** Thursday, April 18, 2019 8:00 AM
**To:** douglaswain@gmail.com; Nichols, Lauren R. <LNichols@bgdlegal.com>
**Cc:** Ams, Jason T. <jams@bgdlegal.com>
**Subject:** RE: Attn Lauren R. Nichols/BGD - I think we are OK with Mr. David Hemminger. Douglas A. Wain 859.494.3677 RE: Wain/Central Bank: Analysis of Potential Counterclaims

Mr. Wain,

Thanks so much for the update.  I am glad that Mr. Hemminger can be of assistance.

This email confirms that Bingham Greenebaum Doll, LLP's legal representation in connection with the lawsuit filed by Central Bank in Fayette Circuit Court, Civil Action No. 19-CI-00812, has concluded and, as a result, the attorney-client relationship between us has ended.  Please note, while our obligation to advise you in connection with this matter has ended, we would be happy to discuss any needs you may have as they arise from time to time in the future.  Finally, unless otherwise requested, we intend to retain any files concerning this matter for at least seven years.  After that time, we reserve the right to dispose of all files without further notice.

We appreciate the opportunity to be of service to you, and please keep us updated as you indicated in your email below.

Thanks!
Kim

Kimberly J. O'Donnell
*Labor & Employment Attorney*
**Bingham Greenebaum Doll LLP**
300 West Vine Street | Suite 1200 | Lexington, KY 40507
Direct: (859) 288-4696 | Fax: (859) 255-2742
Email: kodonnell@bgdlegal.com | http://www.bgdlegal.com
Follow us on Twitter | Visit our Blog: http://blog.bgdlegal.com



**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Wednesday, April 17, 2019 3:31 PM
**To:** Nichols, Lauren R. <LNichols@bgdlegal.com>; O'Donnell, Kimberly J. <KODonnell@bgdlegal.com>
**Cc:** Ams, Jason T. <jams@bgdlegal.com>

**Subject:** Attn Lauren R. Nichols/BGD - I think we are OK with Mr. David Hemminger. Douglas A. Wain 859.494.3677 RE: Wain/Central Bank: Analysis of Potential Counterclaims

Dear Ms. Nichols:

Sorry to hear Ms. O'Donnell must attend a funeral.

I think Elisa and I are good to go with Mr. David Hemminger. I spoke to him this morning and he said he can file the answer this Friday the 19th.

He said our counter-claims were not required in our initial filing, that our claims were within the statute of limitations and that was enough.

I am going to meet with him at his office in Louisville this Friday, April 19, 2019 at 1:00 pm.

If its O.K. I will keep you all updated.

THANK YOU!!!!!!!!!!!!!!!!!!!!!!!!!

Douglas A. Wain 4/17/2019 3:26 PM
2711 Barbados Lane
Lexington, KY 40509-9508

859.494.3677

douglaswain@gmail.com

**From:** Nichols, Lauren R. <LNichols@bgdlegal.com>
**Sent:** Wednesday, April 17, 2019 2:31 PM
**To:** Douglas Wain <douglaswain@gmail.com>; O'Donnell, Kimberly J. <KODonnell@bgdlegal.com>
**Cc:** Ams, Jason T. <jams@bgdlegal.com>
**Subject:** RE: Attn Kimberly J. O'Donnell/GBD -Good morning! THANK YOU for your email. Additional info. Douglas A. Wain 859.494.3677 4.13.19 RE: Wain/Central Bank: Analysis of Potential Counterclaims

Hi Mr. Wain,

I just wanted to follow up after your teleconference with Hemminger's office.  Kim is traveling for a family funeral today, so feel free to reach out to me with any questions or issues.

Thanks,
Lauren

Lauren R. Nichols
*Partner*
**Bingham Greenebaum Doll LLP**
Direct: 859-288-4677

**From:** Douglas Wain <douglaswain@gmail.com>
**Sent:** Tuesday, April 16, 2019 3:16 PM

2

**To:** O'Donnell, Kimberly J. <KODonnell@bgdlegal.com>
**Cc:** Nichols, Lauren R. <LNichols@bgdlegal.com>; Ams, Jason T. <jams@bgdlegal.com>
**Subject:** Re: Attn Kimberly J. O'Donnell/GBD -Good morning! THANK YOU for your email. Additional info. Douglas A. Wain 859.494.3677 4.13.19 RE: Wain/Central Bank: Analysis of Potential Counterclaims

They scheduled an 11 am phone meeting with me tmw.

I will contact you after our meeting.

Thanks!

Doug Wain

859-494-3677

On Apr 16, 2019, at 3:08 PM, O'Donnell, Kimberly J. <KODonnell@bgdlegal.com> wrote:

> Mr. Wain,
>
> I wanted to let you know that Lauren spoke with David Hemminger earlier today. Mr. Hemminger said that he will be giving you a call this afternoon. Please let me know if you do not hear from him. Lauren and I agree that it would benefit you to have counsel from an attorney that regularly handles plaintiffs' side banking matters, rather than our office, which is usually defending the financial institutions.
>
> Thanks,
> Kim
>
>
> Kimberly J. O'Donnell
> *Labor & Employment Attorney*
> **Bingham Greenebaum Doll LLP**
> 300 West Vine Street | Suite 1200 | Lexington, KY 40507
> Direct: (859) 288-4696 | Fax: (859) 255-2742
> Email: kodonnell@bgdlegal.com | http://www.bgdlegal.com
> Follow us on Twitter | Visit our Blog: http://blog.bgdlegal.com
> <image001.jpg>
>
>
>
> **From:** Douglas Wain <douglaswain@gmail.com>
> **Sent:** Monday, April 15, 2019 3:25 PM
> **To:** O'Donnell, Kimberly J. <KODonnell@bgdlegal.com>
> **Subject:** Re: Attn Kimberly J. O'Donnell/GBD -Good morning! THANK YOU for your email. Additional info. Douglas A. Wain 859.494.3677 4.13.19 RE: Wain/Central Bank: Analysis of Potential Counterclaims
>
> Sure
>
> Thanks!
>
> Doug Wain
>
> 859-494-3677

3

**douglaswain@gmail.com**

**Subject:**                    FW: Fantastic! Thank you!!!    RE: Cincinnati or Louisville would be great!!!!    RE: Attn Lauren Nichols/DBG - Can you also recommend some mediators outside of Lexington, KY? Thanks! Douglas A. Wain 8.19.2020

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Thursday, August 20, 2020 6:23 AM
**To:** 'Nichols, Lauren R.' <lauren.nichols@dentons.com>
**Subject:** Fantastic! Thank you!!! RE: Cincinnati or Louisville would be great!!!! RE: Attn Lauren Nichols/DBG - Can you also recommend some mediators outside of Lexington, KY? Thanks! Douglas A. Wain 8.19.2020

## Dear Lauren Nichols:

Fantastic!!

Thank you again!!!

Douglas A. Wain 8/20/2020 9:23 AM

859.494.3677

douglaswain@gmail.com

**From:** Nichols, Lauren R. <lauren.nichols@dentons.com>
**Sent:** Thursday, August 20, 2020 8:40 AM
**To:** douglaswain@gmail.com
**Subject:** Re: Cincinnati or Louisville would be great!!!! RE: Attn Lauren Nichols/DBG - Can you also recommend some mediators outside of Lexington, KY? Thanks! Douglas A. Wain 8.19.2020

We believe Carl Stich in Cincinnati would be a good fit for this type of litigation.

 **BINGHAM GREENEBAUM**    Lauren Nichols
Partner

Visit the **New Dynamic Hub**, available to our clients and communities as part of Dentons' commitment across 75+ countries, to address accelerating change resulting from the pandemic.

D +1 859 288 4677   |   M +1 859 559 7161   |   US Internal 894677
lauren.nichols@dentons.com
Website

Dentons Bingham Greenebaum LLP
300 West Vine Street, Suite 1200, Lexington, KY, 40507

Rattagan Macchiavello Arocena > Jiménez de Aréchaga, Viana & Brause > Lee International > Kensington Swan > Bingham Greenebaum > Cohen & Grigsby > Sayarh

1

& Menjra > Larraín Rencoret > Hamilton Harrison & Mathews > Mardemootoo Balgobin > HPRP > Zain & Co. > Delany Law > Dinner Martin > For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this email from your systems. Dentons records and stores emails sent to us or our affiliates in keeping with our internal policies and procedures. Please see dentons.com for Legal Notices.

---

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Wednesday, August 19, 2020 9:13 AM
**To:** Nichols, Lauren R. <lauren.nichols@dentons.com>
**Subject:** Cincinnati or Louisville would be great!!!! RE: Attn Lauren Nichols/DBG - Can you also recommend some mediators outside of Lexington, KY? Thanks! Douglas A. Wain 8.19.2020

[External Sender]

### Dear Lauren Nichols/DBG:

Either Cincinnati or Louisville would be great!

We would love to get some mediators names from those regions.

Thank you again for your time! It is so very much appreciated!!!!

THANKS!

Douglas A. Wain 8/19/2020 9:11 AM

859.494.3677

**From:** Nichols, Lauren R. <lauren.nichols@dentons.com>
**Sent:** Wednesday, August 19, 2020 9:08 AM
**To:** douglaswain@gmail.com
**Subject:** Re: Attn Lauren Nichols/DBG - Can you also recommend some mediators outside of Lexington, KY? Thanks! Douglas A. Wain 8.19.2020

What region are you looking for? Cincinnati and Louisville have some great options.

 **BINGHAM GREENEBAUM**   Lauren Nichols
Partner

Visit the **New Dynamic Hub**, available to our clients and communities as part of Dentons' commitment across 75+ countries, to address accelerating change resulting from the pandemic.

D +1 859 288 4677  |  M +1 859 559 7161  |  US Internal 894677
lauren.nichols@dentons.com

2

Website

Dentons Bingham Greenebaum LLP
300 West Vine Street, Suite 1200, Lexington, KY, 40507

Rattagan Macchiavello Arocena > Jiménez de Aréchaga, Viana & Brause > Lee International > Kensington Swan > Bingham Greenebaum > Cohen & Grigsby > Sayarh & Menjra > Larraín Rencoret > Hamilton Harrison & Mathews > Mardemootoo Balgobin > HPRP > Zain & Co. > Delany Law > Dinner Martin > For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this email from your systems. Dentons records and stores emails sent to us or our affiliates in keeping with our internal policies and procedures. Please see dentons.com for Legal Notices.

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Wednesday, August 19, 2020 8:06 AM
**To:** Nichols, Lauren R. <lauren.nichols@dentons.com>
**Subject:** Attn Lauren Nichols/DBG - Can you also recommend some mediators outside of Lexington, KY? Thanks! Douglas A. Wain 8.19.2020

[External Sender]

**Dear Lauren Nichols:**

Sorry to bother you again.

If possible, can you also recommend some mediators outside of Lexington, KY?

You time and consideration are very much appreciated!!!

Thanks!

Douglas A. Wain 8/19/2020 8:04 AM
27 Barbados Lane
Lexington, KY 40509-9508

douglaswain@gmail.com

859.494.3677

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Tuesday, August 18, 2020 5:34 PM
**To:** 'Nichols, Lauren R.' <lauren.nichols@dentons.com>
**Subject:** Great! Thank you!!!! RE: Attn Lauren Nichols/DBG - Hello again! Can you recommend a mediator in the Lexington area. Thanks! Douglas A. Wain 8.17.2020

Dear Lauren Nichols:

3

Great!

THANK YOU!

Douglas A. Wain 8/18/2020 5:32 PM


**From:** Nichols, Lauren R. <lauren.nichols@dentons.com>
**Sent:** Tuesday, August 18, 2020 5:16 PM
**To:** douglaswain@gmail.com
**Subject:** Re: Attn Lauren Nichols/DBG - Hello again! Can you recommend a mediator in the Lexington area. Thanks! Douglas A. Wain 8.17.2020

Hi Mr. Wain,

I hope all is well. I recommend Bobby Houlihan or Steve Barker for great local mediators. Please let me know if you need additional names.


 **BINGHAM GREENEBAUM** Lauren Nichols
Partner

Visit the **New Dynamic Hub**, available to our clients and communities as part of Dentons' commitment across 75+ countries, to address accelerating change resulting from the pandemic.

D +1 859 288 4677  |  M +1 859 559 7161  |  US Internal 894677
lauren.nichols@dentons.com
Website

Dentons Bingham Greenebaum LLP
300 West Vine Street, Suite 1200, Lexington, KY, 40507

Rattagan Macchiavello Arocena > Jiménez de Aréchaga, Viana & Brause > Lee International > Kensington Swan > Bingham Greenebaum > Cohen & Grigsby > Sayarh & Menjra > Larraín Rencoret > Hamilton Harrison & Mathews > Mardemootoo Balgobin > HPRP > Zain & Co. > Delany Law > Dinner Martin > For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this email from your systems. Dentons records and stores emails sent to us or our affiliates in keeping with our internal policies and procedures. Please see dentons.com for Legal Notices.


**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Monday, August 17, 2020 4:07 PM
**To:** Nichols, Lauren R. <lauren.nichols@dentons.com>
**Subject:** Attn Lauren Nichols/DBG - Hello again! Can you recommend a mediator in the Lexington area. Thanks! Douglas A. Wain 8.17.2020


[External Sender]

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1090-OA

DOUGLAS A. WAIN, ET AL.                                          PETITIONERS

                            AN ORIGINAL ACTION
v.                          ARISING FROM 19-CI-00812

KIMBERLY N. BUNNELL                              RESPONDENT
AND
CENTRAL BANK & TRUST                   REAL PARTY IN INTEREST -
COMPANY, ET AL.                                      APPELLEES

### NOTICE OF REASSIGNMENT

\* \* \* \* \* \*

The presiding judge on this appeal, Judge Jacqueline M. Caldwell, has found it necessary to recuse from the case. The above-styled appeal will be reassigned to a new merits panel of this Court upon expiration of the abeyance period.

ENTERED: 02/05/2024

_____
CLERK, COURT OF APPEALS



| AOC-070<br>Rev. 1-23<br>Page 1 of 2<br><br>Commonwealth of Kentucky<br>Court of Justice    *www.kycourts.gov*<br><br>RAP 22 | **KENTUCKY COURT OF APPEALS**<br>**CIVIL APPEAL PREHEARING STATEMENT** | **Internal Use Only** |

DOUGLAS A WAIN AND ELISA WAIN                                                     APPELLANT

VS.          **COURT OF APPEALS DOCKET NO.** 2025-CA-0252-MR_____  *(leave blank)*

Central Bank & Trust Co. & USB Trust National Assoc.                          APPELLEE

**Appeal From** Fayette County, Kentucky____          Circuit Court **Action No.** 19-CI-0812_____

Trial Judge: Hon. Kimberly Bunnell_____          Judgment/Order Appealed From Entered: February 5, 2025____

Notice of Appeal Filed: February 26, 2025_____          Notice of Cross Appeal Filed: _____

---

Identifying Information Regarding Counsel for **APPELLANT:**

*Name of Client* Douglas A. Wain and Elisa Wain_____

In the trial court, this party was the ☑ Plaintiff ☐ Defendant ☐ Other (specify) _____

Attorney's Name: Douglas A. Wain Pro Se_____

Address: P.O. Box 7473_____

      Westlake Village, CA 91359_____

Telephone No. (859 —)  494-3677_____          Email: douglaswain@gmail.com_____

---

Identifying Information Regarding Counsel for **APPELLEE:**

*Name of Client* Central Bank & Trust Co., U.S. Bank Trust National Association Not in its Individual Capacity___

But Solely for RCF 2 Acquisition Trust._____

In the trial court, this party was the ☐ Plaintiff ☑ Defendant ☐ Other (specify) _____

Attorney's Name: _____

Address: CBT Stoll Keenon Ogden, Timothy R. Wiseman, 300 W. Vine St., Ste. 2100  Lexington, Kentucky 40507

      USB Dinsmore & Shohl LLP, Shannon O'Connell Egan, 255 E. Fifth St., Ste 1900, Cincinnati, OH 45202

Telephone No. (____)_____          Email: _____

---

1.  **Has this case been before an Appellate Court previously?** ☐ Yes ☑ No
    If Yes, provide date and prior case number(s) _____

2.  **Type of litigation** (type of order; e.g., automobile negligence, breach of contract, domestic, product liability, property dispute, tax, UCC, zoning, etc.). **Attach copy of complaint or other document initiating Circuit Court action.**
    Compensatory, punitive and other damages to Plaintiff for Defendants actions.

3.  Was this case **mediated** at the trial court level? ☐ Yes ☑ No

AOC-070
Rev. 1-23
Page 2 of 2

4. **Circuit Court Disposition** (type of order; e.g., Default or Summary Judgment, Dismissal, etc.). **Attach copy of final judgment and any separate written opinion by trial court.**

Four Page, February 5, 2025, Order by Fayette Circuit Court Judge Kimberly Bunnell attached as an exhibit.

5. **Relief:** (a) Damages: **Amount Sought $** 10,000,000.00    **Amount Granted $**_____

         (b) Injunction: ❑ Granted    ❑ Denied

         (c) Other: _____

6. **Facts and Issues: (Brief** statement of facts, claims, defenses and issues litigated. Attach separate sheet if necessary).

See Attached Separate Sheet

7. **Briefly** state **issues proposed to be raised on appeal**, including jurisdictional challenges, and any question of first impression. Attach separate sheet if necessary.

Some of the reasons for this Appeal are legal errors and evidentiary issues.

Additional issues to be asserted by Appellants to support this Appeal include but are not limited to:

Conflict of Interest, Bias and Prejudice, Violations of Kentucky laws, Kentucky rights, Kentucky Court Rules

and Procedures, and violations of U.S. Civil Rights, including lack of Due Process.

8. Will the appeal turn on interpretation or application of a **particular case or statute?** ❑ Yes    ☑ No

If Yes, identify case/statute: _____

9. Is there any known case involving **substantially the same issue now pending** before either appellate court of this state? ❑ Yes    ☑ No    If Yes, give Case Number: _____

Case Name: _____

10. Any party who desires a prehearing conference must file a motion with the prehearing statement. Failure to file a motion may result in no prehearing conference. RAP 22(D). Either party may file an objection to said motion within 10 days.

---

**CERTIFICATION**

I/We hereby certify a copy of the foregoing statement was executed and a copy served on:

CBT - Stoll Keenon Ogden, Timothy R. Wiseman, 300 W. Vine St., Ste. 2100 Lexington, Kentucky 40507

USB - Dinsmore & Shohl LLP, Shannon O'Connell Egan, 255 East Fifth St., Suite 1900, Cincinnati, Ohio 45202

Date: March 13 _____ , 2 2025        _____
                                                Signature

*Print Name*: Douglas A. Wain, Pro Se

*Address*: P.O. Box 7473, Westlake Village CA, 91359

---

**NOTES:**    1) Items **2** and **4** require documents to be attached to this Form for proper filing-See RAP 22(C).

                 2) Item **10** may require an additional motion which must be attached to this Form for proper filing.

                 3) Filing of Civil Notice of Appeal suspends running of time for further appeal steps-See RAP 22(B).

# KENTUCKY COURT OF APPEALS CIVIL APPEAL PREHEARING STATEMENT

# DOUGLAS A. WAIN, ET AL., APPELLANTS v. CENTRAL BANK & TRUST CO., ET AL., APPELLEES

# FAYETTE COUNTY CIRCUIT COURT, CIVIL BRANCH CIVIL ACTION NO. 19-CI-0812, FEBRUARY 5, 2025 KCOA NO. 2025-CA-0252-MR FILED FEBRUARY 26, 2025

## No. 6. Facts and Issues (per RAP 22) – Attached Separate Sheet

The Appellants/Counterclaim Plaintiffs filed valid counterclaims against the Appellee/Counterclaim Defendant, Central Bank & Trust Co. (CBT), on May 28, 2019, in Fayette County Circuit Court, Lexington, Kentucky, with Judge Kimberly Bunnell presiding.

From Wain's Counterclaims filing against CBT on May 28, 2019:

*"COUNTERCLAIM"*
*"Come the Defendants/Counterclaim Plaintiffs, Douglas A. Wain and Elisa Wain, by counsel, and for their Counterclaim against the Plaintiff/Counterclaim Defendant, Central Bank & Trust Co. ("CBT"), state as follows"*

*"V. CLAIMS"*
*"Breach of Contract"*
*"17. Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 17 as if fully set forth herein."*
*"18. As hereinabove described, CBT's refusal to accept Counterclaim Plaintiffs' payments on the Gold Equity Line agreement amounts to a breach of the term the contract between the parties."*
*"19. CBT's breach of contract entitles Counterclaim Plaintiffs to compensatory and consequential damages therefor."*

*"Fraud"*
*"20. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 20 as if full set forth herein."*
*"21. As hereinabove described, CBT intentionally and willfully misrepresented to Counterclaim Plaintiffs the terms and status of the Gold Equity Line account and the amounts allegedly due under the agreement."*
*"22. Counterclaim Plaintiffs reasonably relied on CBT's misrepresentations in their good faith efforts to make the account current."*

*"23. Counterclaim Plaintiffs' reasonable reliance on CBT's misrepresentations has caused and continues to cause damages to Plaintiffs, including, but not limited to compensatory and consequential damages therefor."*
*"24. In addition, CBT's fraud entitles Counterclaim Plaintiffs to an award of punitive damages and Counterclaim Plaintiffs' attorneys' fees."*

*"Violation of the TILA"*
*"25. Counterclaim Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 25 as if fully set forth herein."*
*"26. CBT's continued misrepresentation of the terms, status, and amounts allegedly owed under the Gold Equity Line agreement amount to violations of CBT's duties as a creditor pursuant to the TILA, 15 U.S.C. §1666a."*
*"27. CBT's violations of the TILA entitle Counterclaim Plaintiffs to statutory damages, actual damages, and attorneys' fees pursuant to 15 U.S.C. §1640."*

*"Violation of the CPA"*
*"28. Counterclaim Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 28 as if fully set forth herein."*
*"29. As hereinabove described, CBT engaged in unfair, false, and deceptive acts or practices in the conduct of its business with Counterclaim Plaintiffs in violation of the CPA."*
*"30. CBT's violation of the CPA entitles Counterclaim Plaintiffs to compensatory, consequential and punitive damages therefor, and to an award of Counterclaim Plaintiffs' attorneys' fees."*

These counterclaims have been affirmed by the Fayette County Circuit Court, Judge Bunnell, and the Kentucky Court of Appeals.

From Judge Bunnell's Order, Fayette Circuit Court KY, No. 19-CI-00812, January 20, 2021:

*"Further, the Wains have asserted a counterclaim that may be pursued separately from Central Bank's claims, as set forth in the Bank's motion and memorandum of law."*

From Kentucky Court of Appeals, No. 2021-CA-0202-MR, OPINION, November 4, 2022:

*The Wains also asserted claims for breach of contract, fraud, violation of the Truth-in-Lending Act (TILA), 15 U.S.C.2 § 1666a, and the Kentucky Consumer Protection Act, KRS3 367.110 et seq."*

*"Accordingly, we affirm the summary judgment and order of sale entered by the Fayette Circuit Court."*

In 2024 and 2025, the Appellees refused to fully comply with Appellants' legitimate discovery requests regarding these counterclaims. Notably, no depositions requested by the Appellants were ever conducted.

On September 30, 2024, the Appellants filed a motion requesting Judge Bunnell to compel full discovery. On October 23, 2024, Judge Bunnell issued an order compelling the Appellees to comply with the requested depositions by November 30, 2024. The Appellees failed to comply with this order.

Subsequently, on January 6, 2025, the Appellants filed a motion asking Judge Bunnell to enforce the October 23, 2024 order, hold the Appellees in contempt for non-compliance, and again compel the depositions. At the January 10, 2025, hearing, rather than addressing the Appellees' violation of the court's order, Judge Bunnell focused solely on whether the Appellants had standing to pursue their counterclaims due to their Chapter 13 bankruptcy filing on October 30, 2024. The judge ordered sur-replies from both parties on this issue alone to be considered at a hearing scheduled for January 24, 2025. The Appellants complied with this order.

On January 21, 2025, three days before the scheduled hearing, the Appellants served Judge Bunnell with notice of a legal action they had filed against her in the U.S. District Court for the Eastern District of Kentucky (Case No. 5:24-cv-00305-GFVT) under 42 U.S.C. § 1983, filed on October 28, 2024. Service was conducted through ABC Legal Services.

At the January 24, 2025, hearing, just three days after receiving this service, Judge Bunnell deviated from the scheduled agenda of addressing the Appellants' standing and instead granted the Appellees' motion for summary judgment, dismissing all of the Appellants' counterclaims with prejudice. The Appellants believe this ruling may have been retaliatory, stemming from the legal action served on Judge Bunnell days prior. Furthermore, the Appellants assert that Judge Bunnell should have recused herself from the case upon receipt of the complaint on January 21, 2024. This marks the fourth instance where the Appellants filed a motion for Judge Bunnell's recusal, all of which were denied.

Additionally, when Judge Bunnell ruled against the counterclaims on February 5, 2025, she effectively halted any discovery into potential conflicts of interest between the Appellees and herself. The Appellants believe this ruling further demonstrates a conflict of interest.

The February 5, 2025, order, which the Appellees attested to, contains numerous errors, including incorrect statements and events the Appellants believe never occurred. The

Page **3** of **6**

Appellants assert that this final order constitutes a breach of their civil rights, including due process, and potentially violates Kentucky law and other federal statutes.

The Appellants also contend there was no "Deficiency Judgment" in this case. No filing, motion, hearing, ruling, procedure, or process establishing such a "Deficiency Judgment" ever occurred.

Excerpt from Wains email to Office of the U.S. Trustee Case No. 124-bk-11814-MB 4 pages 12.30.2024:

*"CBT did not obtain a Deficiency Judgment. CBT and never made any court filings about a "Deficiency." Kentucky is a recourse state, which means that if the foreclosure sale does not cover the full amount of the mortgage debt, the lender can pursue a "Deficiency Judgment" against the borrower. The time limit in Kentucky is that the lender has 6 months from the date of the foreclosure sale to file a deficiency judgment. This is specifically outlined in Kentucky Revised Statutes (KRS) 413.120. The lender must file a separate lawsuit within the 6-month window to obtain a deficiency judgment. The date of the foreclosure auction/sale, in this case, was February 8, 2021, so the six-month filing deadline was August 8, 2021."*

The Appellants were compelled to file for Chapter 13 bankruptcy on October 30, 2024, due to an order by Judge Bunnell, issued at the request of the Appellees, mandating the Appellants to undergo a "Debtor Exam" on October 31, 2024 , three and a half years after the foreclosure on February 8, 2021. Judge Bunnell justified this order by citing a "Deficiency Judgment" allegedly entered. However, no such "Deficiency Judgment" existed.

Despite the absence of this judgment, both the Court and the Appellees proceeded with the Debtor Exam under threat of contempt of court by Judge Bunnell. The Appellants contend that these actions were undertaken with full knowledge that no valid "Deficiency Judgment" was in place, representing a severe violation of the Appellants' U.S. Constitutional rights.

When the Appellant raised this issue, Judge Bunnell sanctioned them, ordering payment of the Appellees' legal fees for merely bringing the matter to the court's attention.

The Appellants' claims are not frivolous. On January 5, 2025, Chief Justice of the Kentucky Supreme Court, Laurence B. VanMeter, issued an order regarding Judge Bunnell in relation to KRS 26A.020.

*"The request is denied without prejudice of any party to seek appellate review after entry of a final judgment."*

This order preserved the Petitioners' right to appellate review following the entry of a final judgment, indicating the matters raised were neither dismissed outright nor deemed without merit.

Page **4** of **6**

CBT's actions in initiating and pursuing this foreclosure case, filed on March 6, 2019, and now in its seventh year, are highly questionable. CBT improperly received $71,069.60 from the case: $66,884.60 from the foreclosure sale proceeds distributed on March 17, 2024, and an additional $4,185 through wage garnishment from Elisa Wain's teacher salary in 2021, which ultimately forced her into early retirement. This $71,069.60 represents less than twenty percent of CBT's January 20, 2021, judgment of $358,412.72—a judgment the Appellants contend is invalid. The entire $71,069.60 improperly obtained by CBT should be returned to its rightful sources.

Furthermore, Appellants argue that under Kentucky Supreme Court Civil Procedure Rule 53.06, the $605,035.42 in foreclosure sale proceeds should have been escheated to the Commonwealth of Kentucky on February 8, 2023, after being held for two years. Instead, these funds remained with the Fayette Master Commissioner for over three years before distribution on March 17, 2024, violating procedural rules.

CBT has characterized this litigation as "a simple foreclosure." However, the complexity and gravity of the legal issues presented over the course of this seven-year case merit careful judicial review.

The Appellants will present additional facts in future filings.

There are ten exhibits included with this attachment:

1. Wains 42 U.S.C. Section 1983 filing USDC Case No. 524-cv-00305-GFVT (6 pages, 10.28.24)

2. Wains Chapter 13 Bankruptcy Filing (1 page, 10.30.2024)

3. Wains Letter to USDC Judge Stinnett Case No. 523-cv-00139-REW-MAS (2 pages, 11.25.2024)

4. Wains Letter to U.S. Chapter 13 Trustee Rojas Case No. 124-bk-11814-MB (4 pages, 1.20.2025)

5. Kentucky Supreme Court CJ VanMeter Order Special Judge (2 pages, 2.5.2025)

6. Wains Motion to Compel Counterclaims Discovery CBT FCC (8 pages, 9.30.2024)

7. Judge Bunnell FCC Order Compel CBT Depositions for Counterclaims (3 pages, 10.23.2024)

8. Judge Bunnell FCC Order Counterclaims Case Standing Sur-Reply (3 pages, 1.10.2025)

9. Wain v. Bunnell Proof of Service of 42 U.S.C. Section 1983 filing No. 524-cv-00305-GFVT (2 pages, 1.21.2025)

10. Judge Bunnell FCC Counterclaims Denial and Judgment for CBT (4 pages, 2.5.2025)

Respectfully submitted March 14, 2025,

*Douglas A. Wain, Pro Se*
*Appellant/Counterclaim Plaintiff*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

*Elisa Wain, Pro Se*
*Appellant/Counterclaim Plaintiff*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*