Douglas A. Wain, Pro Per, Elisa Wain, Pro Per

P.O. Box 7473, Westlake Village, CA 91359

douglaswain@gmail.com 859.494.3677

**FILED**

APR 24 2025

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 1:24-bk-11814-MB |
| Douglas Alan Wain, Elisa Wain, | [Chapter 13] |
| Debtors, | |
| Douglas Alan Wain and Elisa Wain | Adv. No. _____ |
| Plaintiffs, | **ADVERSARY COMPLAINT** |
| vs. | |
| Central Bank & Trust, Co. | [SUMMONS TO BE ISSUED] |
| Defendant. | |

**COMPLAINT FOR:**

1. IMPAIRMENT OF COLLATERAL;

2. ELDER FINANCIAL ABUSE;

3. IMPROPER LOCKOUT AND CONVERSION OF PERSONAL PROPERTY;

4. VIOLATION OF DUE PROCESS;

5. VIOLATION OF CIVIL RIGHTS;

6. OBJECTION TO PROOF OF CLAIM;

7. VIOLATION OF CARES ACT;

8. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT;

ADVERSARY COMPLAINT

9.    SUBORDINATION AND RELEASE OF PROCEEDS CLAIMS;

10.    MISREPRESENTATION OF SUBORDINATE LENDER STATUS;

11.    FAILURE TO OBTAIN DEFICIENCY JUDGMENT;

12.    MISREPRESENTATION OF FORECLOSURE CASE CLOSURE; AND

13.    SATISFACTION BY OPERATION OF KENTUCKY LAW

Plaintiffs Douglas Alan Wain and Elisa Wain, Chapter 13 debtors in the above-captioned bankruptcy case and plaintiffs in this adversary proceeding (the "Plaintiffs" or the "Wains"), hereby respectfully represent and allege against Central Bank & Trust, Co. ("CBT" or "Defendant") as follows:

## I.

## JURISDICTION AND VENUE

1.    This adversary proceeding arises in and relates to the Chapter 13 case of Douglas and Elisa Wain which is now pending before the United States Bankruptcy Court for the Central District of California, Case No. 1:24-bk-11814-MB.

2.    Debtors initially filed a voluntary Chapter 13 petition on October 30, 2024, and subsequently filed an amended petition on November 11, 2024 (the "Petition Date"). The Chapter 13 filing was necessitated by Defendant CBT's improper attempt to compel Debtors to submit to a debtor's examination scheduled for October 31, 2024, despite significant legal defects in the underlying judgment and CBT's failure to timely pursue available sale proceeds as required by Kentucky law.

3.    The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1409.

5.    This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(B), (C), (K) and (O), and the Court can and should enter final judgment.

2

This case presents numerous federal issues that have not been addressed or settled in Kentucky courts, including but not limited to violations of federal consumer protection laws, CARES Act protections, bankruptcy code provisions, and constitutional rights.

## II.

## THE PARTIES

6.    Plaintiffs are debtors in Chapter 13 bankruptcy pending in this Court.

7.    Plaintiffs allege on information and belief that the Defendant Central Bank & Trust, Co. is a Kentucky banking company, a federally regulated banking company, and has filed a proof of claim (Docket Number 19) in the within bankruptcy case.

## III.

## GENERAL ALLEGATIONS

8.    In June of 2006, the Wains and CBT executed a "Gold Line Equity Agreement" (the "Equity Line") in the principal amount of $350,000.00. The Equity Line was secured by a second position mortgage whereby the Wains granted CBT a security interest in their home of thirty years in Lexington, Kentucky (the "Second Mortgage").

9.    The Wains were behind on their second mortgage payments in 2018 due to CBT's alleged mishandling of their account, as detailed in their counterclaims filed on May 28, 2019, which remain pending. Despite the Wains' good faith efforts to negotiate a payment plan for the modest arrearages of approximately $4,000, CBT accelerated the entire loan balance in January 2019. On March 6, 2019, CBT, as secured creditor under the second position mortgage, initiated foreclosure proceedings in Kentucky state court. Notably, prior to this dispute, the Wains had maintained consistent compliance with the loan terms for nearly eighteen years. Furthermore, at the time CBT filed its foreclosure action on March 6, 2019, the

3

ADVERSARY COMPLAINT

Wains were current on their first mortgage obligations, demonstrating their commitment to preserving their homeownership despite CBT's actions regarding the second mortgage.

10.   In the Kentucky state court, the Wains answered and counterclaimed for breach of contract, fraud, violation of the Truth in Lending Act, 15 U.S.C. §1666a, and the Kentucky Consumer Protection Act, KRS 367.110 et seq.

11.   CBT filed a motion before the Kentucky court for partial summary judgment, judgment on the pleadings, and an order of sale of the Wains' home. On January 20, 2021, the trial court granted summary judgment and issued an order of sale in favor of CBT. The judgment awarded CBT was in the amount of $358,412.72, plus interest from March 6, 2019, costs, and attorneys' fees (the "Judgment and Sale Order").

12.   The Judgment and Sale Order ordered the sale of the real property collateral by way of a "master commissioner" (the "Master Commissioner"), akin to a state law receiver appointed by the trial court. The trial court set the sale date for public auction for February 8, 2021.

13.   The Judgment and Sale Order provided that the sale would be free and clear of claims and liens filed after that of CBT. The Judgment and Sale Order did not adjudicate the counterclaims of the Wains.

14.   The court retained jurisdiction as necessary and explicitly found that as to the Wains' counterclaims, they "may be pursued separately from Central Bank's claims."

15.   Thereafter, on March 12, 2021, on the motion of CBT, the trial court confirmed the sale of the real property and a partial distribution of proceeds to pay the Master Commissioner's fees and costs of $24,967.58, with a balance of $605,035.42 to be held by the Master Commissioner (the "Confirmation Order"). The Wains were known to occupy the real property and were ordered to vacate the property in one week, by March 19, 2021. The Confirmation Order released and

4

ADVERSARY COMPLAINT

discharged the Wains and liens against the real property, with the lien of CBT and NewRez.

16.    These sales proceeds in the sum of $605,035.42 (the "Sale Proceeds") were available to CBT after March 12, 2021. Though NewRez had appeared in the case by way of notice of appearance, it took no action to assert its claim to a judgment and payment from the Sale Proceeds. The Kentucky rule regarding Master Commissioner funds is Kentucky Rule of Civil Procedure (CR) 53.06, which was amended effective January 1, 2023.

17.    This rule states that any funds held by the Master Commissioner for two years or more shall be presumed abandoned. These abandoned funds are required to be escheated (transferred) to the Commonwealth of Kentucky following the procedures outlined in Kentucky's Unclaimed Property Law. For over three years, from January 20, 2021, to March 7, 2024, CBT held the only Judgment as a liquidated claim against the Sale Proceeds. CBT had exclusive rights to the auction proceeds during that period of time. There was no impediment preventing CBT from requesting a distribution of the Sale Proceeds in light of persistent inaction by NewRez, which sum could have satisfied the Judgment and Sale Order in full on and after March 12, 2021. Despite having the right and capability to seek the distribution of the Sale Proceeds, CBT sat on their rights and deliberately failed to seek distribution for over two years after the funds became available, The Kentucky rule regarding Master Commissioner funds is Kentucky Rule of Civil Procedure (CR) 53.06, which was amended effective January 1, 2023.

18.    This rule states that any funds held by the Master Commissioner for two years or more shall be presumed abandoned. These abandoned funds are required to be escheated (transferred) to the Commonwealth of Kentucky following the procedures outlined in Kentucky's Unclaimed Property Law and over three years from when CBT obtained judgment. During the protracted period of inaction by CBT, CBT accrued interest against the Wains and the Sale Proceeds in the

approximate amount of $230,000.

19. The failure to realize on the Sale Proceeds promptly when available caused the Wains material financial and reputational harm, since CBT continued to report the debt as due and owing. As a result, the Wains filed a claim against CBT for violation of the Fair Credit Reporting Act in May 2023 (the "FCRA Claim"). Once served with the action, finally CBT undertook efforts to obtain the Sales Proceeds. The FCRA Claim and KSC Appeal have been stayed at the request of CBT due to the Chapter 13 bankruptcy of the Wains.

20. In an August 25, 2023, hearing in the underlying foreclosure action, the Kentucky trial court rejected CBT's efforts to seek a distribution and application of the Sale Proceeds due to their deliberate delay for over two years. The trial court judge observed that "had that happened [efforts at prompt realization of the Sale Proceeds], then I could have been like oh yea like they deserve their fee, equity says you got to get your interest. But that's not what happened."

21. The Wains played no role in CBT's or NewRez's years of delay and functional abandonment of the Sales Proceeds. CBT unsuccessfully blamed NewRez for the delay, but it was evident, including to the trial court judge that CBT was at fault.

22. CBT dilatory conduct is exemplified by the following statements and admissions:

23. NewRez's filing to the trial court on June 1, 2023: "Central Bank could have moved for distribution of the sale proceeds at any time after the confirmation of the sale as there is no Civil Rule or Local Rule that would prohibit it from doing so or that would require the first lienholder to do so."

24. Testimony at trial court hearing June 2, 2023:

Judge Bunnell: "So let me ask the question again, so could the proceeds have been distributed prior to getting a final opinion from the Court of Appeals?"

CBT: "Because there was no bond filed, it, it could."

6

25.    Testimony at trial court hearing on August 25, 2023:

Judge Bunnell: "You see yours is the difficult one."

CBT: "Well we're being crowded out on proceeds that we think should have been, that money should have been there for us...."

Judge Bunnell: "I know but nobody did anything. I mean no one. I mean, all you had to do come to Court and go, two years ago, and say 'hey' let's make them do that, just do what you're doing right now [and assert a claim]."

NewRez: "Exactly."

Judge Bunnell: "Yea I mean I, no one came, it's kind of like Motions to Compel, you know and so there was nothing in front of me to say let's move this along, let's get some deadlines, let's make it happen.... And so same thing for you guys. Nobody did that. And so had that happened, then I could have been like oh yea like they deserve their fee, equity says you got to get your interest. But that's not what happened...."

Judge Bunnell: "And for whatever... I know and once again. And that's not you...."

CBT: "But respectfully if they had pushed their claim..."

Judge Bunnell: "I know, but if you want your money that's what people do all the time. They come to Court and go, alright this it's dying out there. Let's move it along."

Judge Bunnell: "So, you think they should get none?"

NewRez: "No. The'll get what they get that's left over after we get paid in full."

Judge Bunnell: "I agree. Mr. Colson I'm going to have to agree with her on this one. So, sorry."

26.    From CBT's filing in the trial court on May 22, 2023:

"The other secured lienholder [NewRez] has failed to pursue any interest in these funds.... However, since the sale of the Property, the inaction of NewRez has

7

ADVERSARY COMPLAINT

interfered with Central Bank receiving the proceeds that it is entitled to from the sale of the property.... As a result of NewRez's total and complete inaction for two years, Central Bank faces an unjust result beyond its control."

27. NewRez did not liquidate its claim until March 7, 2024, almost three years after the Confirmation Order, as a necessary prerequisite to obtaining the Sale Proceeds, during which time the CBT loan was reported as unpaid and in default, and interest continued to accrue and is now included in the CBT proof of claim filed in the Debtors' Chapter 13 case.

28. CBT incorrectly determined that they would wait for a NewRez Judgment before filing their motion for distribution, to the detriment of the Wains and their interest in the collateral.

29. Pursuant to Kentucky statute KRS 393A.020, the failure of NewRez to take any action against the Sales Proceeds for more than three years constitutes an abandonment of the Sales Proceeds which CBT had an obligation to perfect in the interest of the Wains as borrowers. The Kentucky rule regarding Master Commissioner funds is two years according to Kentucky Rule of Civil Procedure (CR) 53.06, which was amended effective January 1, 2023.

30. This rule states that any funds held by the Master Commissioner for two years or more shall be presumed abandoned. These abandoned funds are required to be escheated (transferred) to the Commonwealth of Kentucky following the procedures outlined in Kentucky's Unclaimed Property Law.

## IV.

## FIRST CLAIM FOR RELIEF

### (Common Law Impairment of Collateral)

31. The Plaintiffs reallege and incorporate herein by reference each and every allegation contained in all prior paragraphs of this Complaint.

32. The Plaintiffs allege as a secured creditor and mortgagee of real property owned by and occupied by the Debtors as their principal residence,

8

Defendant CBT had an affirmative duty of care in how it realized on its collateral under Kentucky and federal common law.

33.    CBT deliberately violated its duty to seek payment in full of its alleged deficiency claim against the Wains by way of inaction, imposing delays once the loan was determined to be due and funds in the form of the Sale Proceeds were on hand to fully satisfy the alleged deficiency claim against the Wains due to the abandonment of the Sale Proceeds by NewRez for three years. The Kentucky rule regarding Master Commissioner funds is Kentucky Rule of Civil Procedure (CR) 53.06, which was amended effective January 1, 2023.

34.    This rule states that any funds held by the Master Commissioner for two years or more shall be presumed abandoned. These abandoned funds are required to be escheated (transferred) to the Commonwealth of Kentucky following the procedures outlined in Kentucky's Unclaimed Property Law Under Kentucky law KRS 393A.020, the failure to lay claim to funds available to satisfy a claim for three years constitutes a formal relinquishment and abandonment of such proceeds. The delay further constituted laches in asserting the claim of NewRez which would have barred its recovery on its first lien claim and would have yielded adequate proceeds by way of the Sale Proceeds to satisfy the claim of CBT in full. CBT sat on its rights until it was sued by the Wains on the FCRA Claim and could have asserted its right to payment in full from the Sale Proceeds years prior.

35.    During the three-year delay, the Wains suffered consequential monetary damages which accrued and were levied by CBT against the collateral and in its claim for an alleged deficiency, including improper accrued interest, as set forth in the proof of claim filed in the Wains' Chapter 13 bankruptcy. The Wains also suffered avoidable reputational damages and disparagement of their credit status in violation of federal law governing fair debt reporting [The Fair Credit Reporting Act, 15 U.S.C. §§1681-1681u].

**V.**

9

## SECOND CLAIM FOR RELIEF

### (For Willful Elder Financial Abuse)

36.    The Plaintiffs reallege and incorporate herein by reference each and every allegation contained in all prior paragraphs of this Complaint.

37.    At all pertinent times, the Wains, and each of them were vulnerable senior citizens and, since June 2021 until the present, have resided in the State of California as their principal state of domicile. Douglas Wain is currently 66 years old, Elisa Wain is currently 63 years old. Douglas Wain qualifies as an elder under California Welfare and Institutions Code §15610.27, and Douglas Wain qualifies as a dependent adult with physical limitations under California Welfare and Institutions Code §15610.23.

38.    The conduct of CBT was undertaken with the foreseeable effect of wrongfully depriving the Wains of, and otherwise interfering in, their property interest in the Sale Proceeds for purposes of the satisfaction of the alleged deficiency judgment held by CBT, in violation of California Welfare and Institutions Code §15610.30.

## VI.

## THIRD CLAIM FOR RELIEF

### (Improper Lockout and Conversion of Personal Property)

39.    The Plaintiffs reallege and incorporate herein by reference each and every allegation contained in all prior paragraphs of this Complaint.

40.    The Wains were improperly and permanently locked out of their property on February 26, 2021, a full 21 days before the court-ordered vacate date of March 19, 2021, established in the Confirmation Order.

41.    At the time of the lockout, the Wains occupied the property and their personal property on the premises. Despite having clear knowledge of the Wains' continued occupancy and receiving explicit notification that the property was not vacant, CBT permitted others to enter the premises under the false pretense that the

10

property was unoccupied.

42. Because of CBT's complicit Wains personal property removed from the premises, including irreplaceable family heirlooms, jewelry, important personal and financial documents, electronic equipment, furniture, and household items with an estimated aggregate value of approximately $200,000.

43. The Wains have made multiple formal demands for the return of their personal property. CBT again was complicit in thwarting the Wain attempts, falsely claiming the property was abandoned.

44. CBT's complicit actions in prematurely locking the Wains out of their home and converting their personal property were willful, deliberate, and in direct contravention of the court-ordered timeline, causing Plaintiffs to suffer substantial financial and emotional damages.

## VII.

## FOURTH CLAIM FOR RELIEF

### (Lack of Due Process in Kentucky Court)

45. The Plaintiffs reallege and incorporate herein by reference each and every allegation contained in all prior paragraphs of this Complaint.

46. There was no due process afforded to the Plaintiffs in the Kentucky Court proceedings.

47. The Kentucky Court consistently favored CBT and NewRez over the Plaintiffs, failing to provide a fair and impartial forum for the adjudication of the claims and counterclaims.

48. Despite the Plaintiffs' attempts to assert their rights and raise legitimate defenses, the Kentucky Court summarily dismissed or ignored their arguments without proper consideration.

49. The Plaintiffs hereby request that all preexisting cases in Kentucky Court involving the Plaintiffs and Defendants be removed to this federal court for a fair hearing of all issues.

11

ADVERSARY COMPLAINT

50.    This Court has jurisdiction to hear these matters under 28 U.S.C. § 1441 et seq. as they involve substantial federal questions pertaining to the Plaintiffs' constitutional rights to due process. These federal issues have not been addressed or settled in Kentucky courts, making removal to this Court appropriate for comprehensive adjudication of all matters.

## VIII.

### FIFTH CLAIM FOR RELIEF

### (Violation of Civil Rights)

51.    The Plaintiffs reallege and incorporate herein by reference each and every allegation contained in all prior paragraphs of this Complaint.

52.    Defendants violated Plaintiffs' civil rights through their actions and conduct throughout the foreclosure proceedings and subsequent events.

53.    Specifically, Defendants denied Plaintiffs equal protection under the law and violated their constitutionally protected property rights without due process.

54.    The Defendants' conduct constitutes violations of 42 U.S.C. § 1983 by acting under color of state law through their use of state court procedures to deprive Plaintiffs of their constitutional rights.

55.    Defendants abused the legal process, manipulated court proceedings, and deliberately delayed resolution of matters to the detriment of Plaintiffs.

56.    As a direct and proximate result of these civil rights violations, Plaintiffs have suffered substantial damages, including loss of property, financial harm, and significant emotional distress.

## IX.

### SIXTH CLAIM FOR RELIEF

### (Objection to Proof of Claim - 11 U.S.C. § 502)

57.    The Plaintiffs reallege and incorporate herein by reference each and every allegation contained in all prior paragraphs of this Complaint.

58.    CBT has filed Proof of Claim (Docket Number 19) in Plaintiffs'

12
ADVERSARY COMPLAINT

Chapter 13 bankruptcy case.

59.    CBT's Proof of Claim fails to meet the legal threshold of a valid Proof of Claim under applicable bankruptcy laws and procedural requirements pursuant to 11 U.S.C. § 502, Federal Rules of Bankruptcy Procedure, and related statutory and case law.

60.    The foreclosure and sale of the subject property occurred during the Federal COVID-19 Moratorium on foreclosures, in violation of federal protections enacted to safeguard homeowners during the pandemic.

61.    CBT was at all relevant times a subordinate lender by its own acknowledgment and acceptance of that role, and yet has improperly sought to assert priority claims against the Sale Proceeds.

62.    CBT has failed to obtain a deficiency judgment in Kentucky as required by Kentucky law before pursuing further collection efforts against the Plaintiffs. The relevant statutes are found in the Kentucky Revised Statutes (KRS) under Chapter 426, including KRS 426.005 and KRS 426.006.

63.    The three-year retention of funds by the Master Commissioner, combined with the state court judge's closure of the case, has resulted in CBT's claim being rendered unsecured and without valid legal basis.

64.    Pursuant to 11 U.S.C. § 502(b), CBT's claim should be disallowed for failure to comply with applicable non-bankruptcy law requirements, including Kentucky foreclosure law, federal moratorium protections, and proper procedures for establishing and maintaining a valid secured claim.

65.    The Proof of Claim lacks sufficient documentation to establish a valid debt owed by the Plaintiffs to CBT at the time of the bankruptcy filing, further warranting its disallowance.

66.    The Trustee and this Court, as part of their duty to ensure the integrity of the bankruptcy process, should take appropriate action to disallow this claim.

**X.**

## SEVENTH CLAIM FOR RELIEF

### (Violation of CARES Act)

67.    The Plaintiffs reallege and incorporate herein by reference each and every allegation contained in all prior paragraphs of this Complaint.

68.    The foreclosure executed on February 8, 2021, during the federal CARES Act moratorium, violated:

    a)  15 U.S.C. § 9056(c)(2) (prohibition on foreclosure of federally-backed loans).

    b)  12 C.F.R. § 1024.41(f) (loss mitigation requirements).

    c)  CFPB COVID-19 emergency mortgage rules.

69.    CBT, as a federally regulated banking company, was subject to the CARES Act and related federal regulations governing mortgage servicing and foreclosure activities during the COVID-19 pandemic.

70.    CBT knowingly and willfully proceeded with the foreclosure of Plaintiffs' property in direct violation of these federal protections designed to safeguard homeowners during the national emergency.

71.    As a result of these violations, the foreclosure and subsequent sale of the property were conducted unlawfully, causing substantial financial and emotional harm to the Plaintiffs.

72.    The unlawful foreclosure deprived Plaintiffs of their rights to loss mitigation options and foreclosure alternatives that were mandated by federal law during the pandemic emergency period.

73.    These violations render the foreclosure void or voidable and entitle Plaintiffs to statutory damages, actual damages, attorneys' fees, and costs.

## XI.

## EIGHTH CLAIM FOR RELIEF

### (Violation of Fair Debt Collection Practices Act)

74.    The Plaintiffs reallege and incorporate herein by reference each and

14

every allegation contained in all prior paragraphs of this Complaint.

75. Despite CBT's abandonment of the auction proceeds available to them on February 8, 2021, CBT garnished Elisa Wain's wages from her employment as a teacher in Fayette County Public Schools (FCPS) beginning in March 2021.

76. This improper garnishment, through which CBT received approximately $4,185, forced Elisa Wain into early retirement from her teaching position at FCPS in 2021.

77. CBT also continued aggressive collection actions against the Wains, despite CBT having effectively abandoned the auction proceeds for over two years.

78. These actions constitute violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., including but not limited to:

   a) Attempting to collect amounts not authorized by the original agreement or permitted by law

   b) Engaging in unfair practices in connection with the collection of a debt

   c) Using unfair and unconscionable means to collect a debt

79. As a direct result of these violations, Plaintiffs suffered actual damages including loss of income, damage to professional standing, and significant emotional distress.

80. Plaintiffs are entitled to actual damages, statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1692k.

## XII.

## NINTH CLAIM FOR RELIEF

### (Subordination and Release of Proceeds Claims)

81. The Plaintiffs reallege and incorporate herein by reference each and every allegation contained in all prior paragraphs of this Complaint.

82. CBT lost its rights to the auction/sale proceeds by failing to timely challenge the first mortgage holder USB/NewRez's proceeds claim, despite repeatedly blaming USB/NewRez for the delay in distribution.

83. CBT ultimately issued USB/NewRez a release in the March 7, 2024 Order, effectively subordinating its claims and relinquishing its rights.

84. CBT's own statements in its May 22, 2023 filing to the Fayette Circuit Court acknowledged this issue, stating: "To the financial detriment of Central Bank, the other secured lienholder has failed to pursue any interest in these funds."

85. In the same filing, CBT further admitted: "However since the sale of the Property, the inaction of NewRez has interfered with Central Bank receiving the proceeds that it is entitled to from the sale of the property."

86. CBT conceded its position by stating: "As a result of NewRez's total and complete inaction for two years, Central Bank faces an unjust result beyond its control."

87. Despite these admissions of its predicament, CBT explicitly subordinated its rights to the auction/sale proceeds to the first mortgage company USB/NewRez through the March 7, 2024 Order, as evidenced by Judge Bunnell's Order which states: "Have seen: /s/ Christopher G. Colson (w/ em auth. 2/21/24) Hon. Christopher G. Colson Hon. Taft McKinstry FOWLER BELL PLLC 300 W. Vine Street, Suite 600 Lexington, KY 40507 Counsel for Plaintiff, Central Bank & Trust Co."

88. By executing this subordination and release, CBT effectively waived its right to pursue claims against the Wains based on these proceeds, yet now improperly seeks to recover from the Wains personally through its Proof of Claim in this bankruptcy proceeding.

89. This voluntary subordination and release constitutes a material change in the legal relationship between the parties that CBT has failed to disclose in its Proof of Claim.

90. As a result of this subordination and release, CBT's claim against the Plaintiffs related to the foreclosure should be disallowed.

## XIII.

16

ADVERSARY COMPLAINT

## TENTH CLAIM FOR RELIEF

### (Subordinate Lender Status)

91. The Plaintiffs reallege and incorporate herein by reference each and every allegation contained in all prior paragraphs of this Complaint.

92. CBT failed to disclose its status as a subordinate lender, violating:

   a) Bankruptcy Rule 3001(f) (validity of claims).

   b) 11 U.S.C. § 506 (secured status determination).

93. CBT has consistently misrepresented the nature and priority of its security interest in the bankruptcy proceedings, particularly in its Proof of Claim (Docket Number 19).

94. By its own acknowledgment in the Kentucky foreclosure proceedings, CBT held a second position mortgage and was subordinate to the first lien held by NewRez.

95. Despite this subordinate status, CBT has improperly attempted to assert priority claims against the Sale Proceeds and against the Plaintiffs in this bankruptcy proceeding.

96. CBT's failure to accurately disclose its subordinate position constitutes a material misrepresentation that impairs the integrity of the bankruptcy claims process.

97. This misrepresentation has prejudiced the Plaintiffs, the Trustee, and other creditors by potentially altering the distribution of estate assets.

98. As a result of these violations, CBT's claim should be subordinated or disallowed, and CBT should be subject to sanctions for its misrepresentations to this Court.

## XIV.

## ELEVENTH CLAIM FOR RELIEF

### (Failure to Obtain a Deficiency Judgment)

99. The Plaintiffs reallege and incorporate herein by reference each and

17
ADVERSARY COMPLAINT

every allegation contained in all prior paragraphs of this Complaint.

100. Under applicable Kentucky law, a creditor seeking to collect a deficiency following a foreclosure sale must obtain a valid deficiency judgment within the statutorily prescribed time period. The relevant statutes are found in the Kentucky Revised Statutes (KRS) under Chapter 426, including KRS 426.005 and KRS 426.006.

101. CBT failed to secure a valid deficiency judgment post-foreclosure as required by Kentucky law.

102. The foreclosure sale of Plaintiffs' property occurred on February 8, 2021, and was confirmed by the Kentucky court on March 12, 2021.

103. Despite the availability of Sale Proceeds and the passage of more than three years since the foreclosure sale, CBT failed to properly pursue and obtain a deficiency judgment as required by Kentucky law. The Kentucky rule regarding Master Commissioner funds is Kentucky Rule of Civil Procedure (CR) 53.06, which was amended effective January 1, 2023. This rule states that any funds held by the Master Commissioner for two years or more shall be presumed abandoned. These abandoned funds are required to be escheated (transferred) to the Commonwealth of Kentucky following the procedures outlined in Kentucky's Unclaimed Property Law.

104. This failure to obtain a deficiency judgment constitutes a procedural bar that precludes CBT from collecting any remaining debt allegedly owed by the Plaintiffs.

105. CBT's Proof of Claim (Docket Number 19) in this bankruptcy proceeding improperly seeks to collect amounts that should be barred due to CBT's failure to obtain a deficiency judgment.

106. As a result of this failure, CBT's claim against the Plaintiffs is invalid and unenforceable as a matter of law and should be disallowed in its entirety.

**XV.**

18

ADVERSARY COMPLAINT

## TWELFTH CLAIM FOR RELIEF

### (Foreclosure Case Closure)

107.  The Plaintiffs reallege and incorporate herein by reference each and every allegation contained in all prior paragraphs of this Complaint.

108.  The Kentucky foreclosure case was formally closed on March 7, 2024.

109.  CBT's Proof of Claim (Docket Number 19) fails to accurately represent the closure of the foreclosure case and its legal implications.

110.  The closure of the foreclosure case has significant legal ramifications on CBT's ability to pursue any further claims against the Plaintiffs related to the foreclosed property.

111.  The case closure represents a final adjudication of the matters between the parties in Kentucky state court, which CBT has failed to acknowledge in its bankruptcy filings.

112.  CBT's failure to accurately disclose the foreclosure case closure constitutes a material misrepresentation to this Court that undermines the integrity of the bankruptcy claims process.

113.  By omitting or misrepresenting this critical information, CBT has attempted to pursue claims that have been effectively terminated by the closure of the underlying foreclosure action.

114.  As a result of this misrepresentation, CBT's Proof of Claim contains inaccurate information regarding the status of its claim against the Plaintiffs and should be disallowed.

### XVI.

## THIRTEENTH CLAIM FOR RELIEF

### (Satisfaction by Operation of Kentucky Law)

115.  The Plaintiffs reallege and incorporate herein by reference each and every allegation contained in all prior paragraphs of this Complaint.

116.  The Confirmation Order issued on March 12, 2021, released and

ADVERSARY COMPLAINT

discharged the Wains according to Kentucky Revised Statutes KRS 382.365 as "payment in full" and discharged the liens against the real property, with the lien of CBT and NewRez attaching to the proceeds with the priority they held in the real property.

117.    Under Kentucky law, when liens are transferred from the real property to the sale proceeds, and those proceeds are sufficient to satisfy the liens, the debtors' obligations are considered satisfied when the funds are available for distribution.

118.    The Sale Proceeds of $605,035.42 were made available on March 12, 2021, and were held by the Master Commissioner specifically for the purpose of satisfying the liens formerly attached to the real property.

119.    CBT's deliberate failure to pursue its entitled portion of the Sale Proceeds for over three years does not preserve its right to pursue the Wains personally, as the Kentucky Revised Statutes consider the original debt obligations satisfied when the proceeds are made available. The Kentucky rule regarding Master Commissioner funds is Kentucky Rule of Civil Procedure (CR) 53.06, which was amended effective January 1, 2023. This rule states that any funds held by the Master Commissioner for two years or more shall be presumed abandoned. These abandoned funds are required to be escheated (transferred) to the Commonwealth of Kentucky following the procedures outlined in Kentucky's Unclaimed Property Law.

120.    The existence of funds sufficient to satisfy CBT's judgment, combined with the Confirmation Order's explicit release and discharge of liens against the real property, operated as a matter of Kentucky law to discharge the Wains from personal liability on the underlying debt.

121.    CBT's attempt to collect on a debt that has been satisfied by operation of Kentucky law constitutes an improper and unlawful collection practice.

122.    CBT's Proof of Claim in this bankruptcy proceeding seeks to collect a

20

debt that was legally satisfied in March 2021, and should therefore be disallowed in its entirety.

## XVII.

## **RESERVATION OF RIGHTS**

123. Plaintiff believes that additional claims in favor of Plaintiffs against Defendant and/or other parties may exist. Plaintiff reserves any and all rights to bring such claims to the extent authorized by the Court and/or applicable law.

124. The claims for relief contained in this Complaint raise numerous federal issues that have not been addressed or settled in Kentucky courts, making this Court the appropriate forum for adjudication of these matters.

## XVIII.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for judgment as follows:

1. On the First Claim for Relief:

   a) Consequential damages representing the financial losses suffered by the Wains due to CBT's negligence and inaction in fulfilling its common law duties to the Wains to maximize its recovery from the Sale Proceeds.

   b) Punitive damages in an amount to be determined at trial.

2. On the Second Claim for Relief:

   a) Consequential damages in an amount to be determined at trial.

   b) Punitive damages pursuant to California Welfare and Institutions Code §15657.5.

3. On the Third Claim for Relief:

   a) Consequential damages for the value of the converted property, estimated at $200,000.

   b) Compensatory damages for the unlawful lockout, including emotional distress.

     c) Punitive damages in an amount to be determined at trial.

4.     On the Fourth Claim for Relief:

     a) An order removing all related Kentucky Court proceedings to this federal court.

     b) Declaratory relief finding that Plaintiffs were denied due process in the Kentucky Court.

     c) Consequential damages in an amount to be determined at trial.

5.     On the Fifth Claim for Relief:

     a) Compensatory damages for violations of Plaintiffs' civil rights.

     b) Punitive damages in an amount to be determined at trial.

     c) Attorneys' fees pursuant to 42 U.S.C. § 1988.

6.     On the Sixth Claim for Relief:

     a) An order disallowing CBT's Proof of Claim (Docket Number 19) in its entirety.

     b) A determination that the claim is invalid under applicable bankruptcy and non-bankruptcy law.

     c) Sanctions against CBT for filing a frivolous claim, including attorneys' fees and costs.

7.     On the Seventh Claim for Relief:

     a) A determination that the foreclosure was conducted in violation of federal law.

     b) Statutory damages as provided under applicable federal consumer protection laws.

     c) Actual damages resulting from the unlawful foreclosure.

     d) Attorneys' fees and costs.

8.     On the Eighth Claim for Relief:

     a) Actual damages for lost wages and other financial harm resulting from the improper garnishment.

b) Statutory damages pursuant to 15 U.S.C. § 1692k.

c) Return of all improperly garnished funds totaling $4,185.

d) Attorneys' fees and costs as provided by 15 U.S.C. § 1692k.

9.    On the Ninth Claim for Relief:

a) A determination that CBT subordinated and released its claim to the proceeds.

b) Disallowance of CBT's Proof of Claim based on this subordination and release.

c) Sanctions for failure to disclose this material change in legal status.

d) Attorneys' fees and costs.

10.    On the Tenth Claim for Relief:

a) A determination that CBT misrepresented its secured status.

b) Subordination or disallowance of CBT's claim pursuant to 11 U.S.C. § 510.

c) Sanctions for misrepresentation to the Court.

d) Attorneys' fees and costs.

11.    On the Eleventh Claim for Relief:

a) A determination that CBT is barred from collecting any alleged deficiency.

b) Disallowance of CBT's Proof of Claim based on its failure to obtain a deficiency judgment.

a) Attorneys' fees and costs.

12.    On the Twelfth Claim for Relief:

a) A determination that CBT's claim is materially affected by the closure of the foreclosure case.

b) Disallowance of CBT's Proof of Claim based on its failure to accurately represent the case closure.

c) Sanctions for misrepresentation to the Court.

23

    d) Attorneys' fees and costs.

13. On the Thirteenth Claim for Relief:

    a) A determination that the Wains' debt to CBT was satisfied by operation of Kentucky law when the Sale Proceeds became available.

    b) Declaratory relief establishing that the Confirmation Order operated as "payment in full" under Kentucky law.

    c) Disallowance of CBT's Proof of Claim in its entirety.

    d) Attorneys' fees and costs.

14. For pre-judgment interest at the lawful rate in an amount to be established according to proof at trial.

15. For all costs of suit (including attorneys' fees under California Welfare & Institutions Code § 15657.5 and costs) and any other sanction the Court deems proper.

16. For such other and further relief as this Court deems necessary and appropriate to carry out the provisions of the Bankruptcy Code or to further the interests of justice.

## XIX.

## EXHIBITS

A. Wains' Motion for Continuance, Chapter 13, Case No. 1:24-bk-11814-MB, dated February 21, 2025 (7 pages).

B. Wains' four letters to the U.S. Trustee's Office, dated January 2025 (12 pages).

C. Wains' letter to U.S. District Court Judge Stinnett, Case No. 523-cv-00139-REW-MAS, dated November 25, 2024 (2 pages).

D. Wains' 42 U.S.C. § 1983 filing, U.S. District Court Case No. 524-cv-00305-GFVT, dated October 28, 2024 (187 pages).

ADVERSARY COMPLAINT

E. Central Bank & Trust Co.'s Order of Wage Garnishment against Elisa Wain, March 3, 2021 (1 page).

Dated: April 23, 2025

Respectfully submitted,

_____

Elisa Wain, Plaintiff

_____

Douglas Alan Wain, Plaintiff

ADVERSARY COMPLAINT