| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Douglas A. Wain Pro Se and Elisa Wain Pro Se<br>P.O. Box 7473<br>Westlake Village, CA 91359<br>Phone: 859.494.3677<br>douglaswain@gmail.com<br><br><br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>Douglas A. Wain and Elisa Wain<br>Debtors In Chapter 13 Bankruptcy<br>Case No. 1:24-bk-11814-MB<br>Filed on October 30, 2024<br>United States Bankruptcy Court for the Central District of California. | CASE NO.: 1:24-bk-11814-MB |
|---|---|
| | CHAPTER: 13 |
| | **NOTICE OF OBJECTION TO CLAIM** |
| | DATE: 06/05/2025<br>TIME: 11:30 am<br>COURTROOM: 303<br>PLACE: United States Bankruptcy Court<br><br>21041 Burbank Boulevard<br>Woodland Hills, CA 91367 |
| Debtor(s). | |

1. TO *(specify claimant and claimant's counsel, if any)*:  Central Bank & Trust Co., 300 W Vine Street, Lexington KY 40507, Creditor: (42202564) Proof of Claim $357,990.91 (Docket Number 19) December 20, 2024

2. NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim #01.06.25 ) filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3. **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

**IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date: 04/27/2025

_Douglas Wain Pro Se, Elisa Wain Pro Se_
Printed name of law firm

_[signature]_
Signature

Date Notice Mailed:  04/27/2025

Douglas A. Wain and Elisa Wain
Printed name of attorney for objector

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 1                    **F 3007-1.1.NOTICE.OBJ.CLAIM**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Douglas A. Wain, PO Box 7473, Westlake Village, CA 91359, Phone: 859.494.3677, douglaswain@gmail.com

A true and correct copy of the foregoing document entitled: **NOTICE OF OBJECTION TO CLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _04/27/2025_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

William E. Ireland, Haight, Brown & Bonesteel, 555 S. Flower Street, 45th Fl., Los Angeles, CA 90071, Phone: 213.542.8000, wireland@hbblaw.com.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Elizabeth F. Rojas, Chapter 13 Trustee, 15260 Ventura Blvd. Ste. 830, Sherman Oaks, CA 91403-5307, Phone: 818.933.5735, Fax: 818.933.5755, lrojas@ch13wla.com. William E. Ireland, Haight, Brown & Bonesteel, 555 S. Flower Street, 45th Fl., Los Angeles, CA 90071, Phone: 213.542.8000, wireland@hbblaw.com. Jeffrey Randall, A.V.P., Bank of America, N.A. PO Box 673033, Dallas, Texas, 75267-3033, Phone:. 888.702.1161, card_bankruptcy_poc@bofa.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/27/2025 | Douglas A. Wain | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Case: 5:24-cv-00305-GFVT    Doc #: 20-3    Filed: 05/08/25    Page: 3 of 14 - Page
ID#: 426

Douglas A. Wain, Pro Se and Elisa Wain, Pro Se

P.O. Box 7473

Westlake Village, CA 91359

Phone: 859.494.3677

douglaswain@gmail.com

| FOR COURT USE ONLY |
|---|

⊠ *Debtor(s) appearing without attorney*
☐ *Attorney for:*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA *San Fernando Valley Division***

In re:

Douglas A. Wain and Elisa Wain
Debtors in Chapter 13 Bankruptcy
Case No. 1:24-bk-11814-MB
Filed on October 30, 2024
United States Bankruptcy Court for the Central
District of California.

CASE NO.: 1:24-bk-11814-MB

CHAPTER: 13

**ORDER ON OBJECTIONS TO CLAIMS**

DATE: June 5, 2025
TIME: 11:30 am
COURTROOM: 303
PLACE: United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard
Woodland Hills, CA 91367

Debtor(s).

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2013                    Page 1                    F 3007-1.1.ORDER.OBJ.CLAIM

The Debtor or trustee having filed objections to certain claims, the court having considered the evidence and argument presented in support and in opposition to such objections, if any, and good cause appearing, the court makes the following ruling as to the objections to claims:

*(NOTES FOR USE OF THIS FORM: List claims in ascending numerical order based upon the clerk's claim number. Use a separate box below for each claim. Attach as many continuation pages as are necessary.)*

---

Calendar Number:          Claim Number: **Docket No. 19**     Claim Amount: **$357,990.91**

Claimant Name: **Central Bank & Trust Co., 300 W Vine Street, Lexington KY 40507, Creditor (42202564) Proof of Claim $357,990.91 (Docket Number 19) filed on December 20, 2024.**

☒ Disallowed   ☐ Allowed        ☐ Unsecured: $              ☐ Priority: $

Comments:
 NOTICE OF OBJECTION – Filed 4.27.2025

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2013                                    Page 2                        F 3007-1.1.ORDER.OBJ.CLAIM

## DECLARATION OF DOUGLAS A. WAIN

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

1.    Personal Information. I am a resident of Los Angeles County, California. I am of sound mind and fully competent to testify regarding the matters stated herein. I have personal knowledge of the facts set forth in this Declaration, and I affirm that they are true and correct.

I, Douglas Alan Wain, declare as follows:

2.    Bankruptcy Case Background. My wife, Elisa Wain, and I are the debtors in Chapter 13 Bankruptcy Case No. 1:24-bk-11814-MB, filed on October 30, 2024, in the United States Bankruptcy Court for the Central District of California, San Fernando Valley division.

3.    Request for Disallowance. Based on the grounds set forth in this Declaration and its Exhibits, I respectfully request that this Court disallow in its entirety Claim Number 19 for $357,990.91 filed by Central Bank & Trust, Co. ("CBT"). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

4.    On or about December 20, 2024, CBT filed Proof of Claim No. 19 in this bankruptcy case, asserting a claim in the amount of $357,990.91.

5.    We object to CBT's claim on multiple grounds as detailed below. CBT's Proof of Claim fails to meet the legal threshold of a valid Proof of Claim

under applicable bankruptcy laws and procedural requirements pursuant to 11

U.S.C. § 502, Federal Rules of Bankruptcy Procedure, and related statutory and

case law.

## Material Omissions in CBT's Proof of Claim Render It Invalid

6.    CBT's Proof of Claim ("POC") filing dated December 20, 2024,

contains numerous material omissions that render the claim legally deficient.

7.    During both their POC filing and at the 341(a) meeting on

December 18, 2024, CBT omitted numerous facts essential to understanding this

case.

8.    The following significant violations render CBT's claim legally

deficient:

a. Failure to Process a Valid Deficiency Judgment:

• CBT failed to secure a valid deficiency judgment post-

foreclosure, which should bar them from collecting any

remaining debt.

• This violates Bankruptcy Rule 3001(c) (requirement for

supporting documentation) and 11 U.S.C. § 501 (proper

filing of proofs of claim).

b. Foreclosure Case Closure (March 7, 2024):

• CBT's POC lacks accurate representation of the case

closure.

• This violates Federal Rule of Bankruptcy Procedure

3001(a) & (c) and potentially 18 U.S.C. § 152(3) (false

declarations under penalty of perjury).

c. Unclaimed Funds Held by Master Commissioner for Over

Three Years:

• CBT failed to disclose available funds.

• This violates 11 U.S.C. § 521(a)(1) (full disclosure

requirement) and Bankruptcy Rule 3001(a) (accuracy in

claims).

d. Subordinate Lender Status:

• CBT failed to disclose its accepted status as a

Subordinate lender.

• This violates Bankruptcy Rule 3001(f) (validity of

claims) and 11 U.S.C. §506 (secured status

determination).

e. Misclassification as a Secured Creditor:

• CBT falsely represented its secured status post-

foreclosure.

• This violates 11 U.S.C. § 506(a) and potentially 18

U.S.C. § 152(3).

f. CARES Act Violations:

> • The foreclosure executed on February 8, 2021, occurred
>
> during the federal CARES Act moratorium.
>
> • This violates 15 U.S.C. § 9056(c)(2) (prohibition on
>
> foreclosure of federally-backed loans), 12 C.F.R. §
>
> 1024.41(f) (loss mitigation requirements), and CFPB
>
> COVID-19 emergency mortgage rules.

9. CBT has made additional material omissions in their POC filing and 341(a) meeting testimony, including:

> a. CBT's written release in the March 12, 2021 Order;
>
> b. The full payment to the first mortgage company
>
> USB/NewRez ($538,150.82), with CBT being the second
>
> lien holder;
>
> c. Kentucky Court of Appeals Order 24-CA-0850OA's
>
> statement that "Nothing contained in this Order should be
>
> construed as a ruling on the merits of the allegations";
>
> d. Our pending due process complaint in USDC EDKY (Case
>
> No. 5:24-cv-00305-GFVT);
>
> e. Our active Fair Credit Reporting Act claim (Case No. 523-

cv-00139-REW-MAS);

f. Our active counterclaims against CBT (Case No. KCOA-13-0252);

g. The determination by all three major credit reporting agencies that our debt to CBT had been satisfied;

h. The problematic "fire sale" nature of the February 8, 2021 auction;

i. The contested lock-out issue prior to the vacate date.

10.    CBT has made no corrections to these material omissions since filing their POC on December 20, 2024, a period of over five months during which they have provided incomplete information to this Court.

11.    Any one of these omissions or violations should be sufficient grounds for disallowance of CBT's claim in its entirety, and several could potentially warrant sanctions.

## CBT Does Not Possess a Valid Deficiency Judgment

12.    CBT failed to obtain a valid deficiency judgment following the foreclosure of my property in Kentucky as required by Kentucky law. The foreclosure sale occurred on February 8, 2021, and was confirmed by the Kentucky court on March 12, 2021.

13.    Under Kentucky law, specifically Kentucky Revised Statutes

Chapter 426, including KRS 426.005 and KRS 426.006, a creditor seeking to collect a deficiency following a foreclosure sale must obtain a valid deficiency judgment within the statutorily prescribed time period.

14. Despite having over three years to obtain a valid deficiency judgment, CBT failed to do so. CBT never made any court filings about a "Deficiency Judgment," nor has there been any hearing about a "Deficiency Judgment."

15. Some of the events that necessitated a valid "deficiency judgment" are: the availability of funds after the foreclosure on February 8, 2021; the release of the Wains in the March 12, 2021 order; the abandonment of the proceeds for over three years; the rejection by the trial court judge on August 25, 2023 of their distribution request over two years after the foreclosure; and the release and submission to the first mortgage company in March 2024.

16. This failure constitutes a procedural bar that precludes CBT from collecting any remaining debt allegedly owed by us. CBT's Proof of Claim (Docket Number 19) in this bankruptcy proceeding improperly seeks to collect amounts that should be barred due to this failure.

17. Additionally, the Kentucky Rule of Civil Procedure (CR) 53.06, amended effective January 1, 2023, states that any funds held by the Master Commissioner for two years or more shall be presumed abandoned. These

abandoned funds are required to be escheated (transferred) to the Commonwealth of Kentucky following the procedures outlined in Kentucky's Unclaimed Property Law.

18. As a result of CBT's failure to obtain a valid deficiency judgment, their claim against me and my wife is invalid and unenforceable as a matter of law and should be disallowed in its entirety.

## CBT's Foreclosure Case is Closed

19. The Kentucky foreclosure case (Case No. 19-CI-00812, filed on March 6, 2019) was formally closed in November 2024, with a disposition date of March 7, 2024, as entered by Judge Kimberly Bunnell.

20. This March 7, 2024 disposition date appears on all case history documents including those provided by CBT.

21. I have also confirmed the case closure through:

• The Kentucky Administrative Office of the Courts (verified twice)

• Two Fayette Circuit Court Clerks, including Fayette Circuit Court Supervisor Savanah Guerrero

• The removal of the case from the State of Kentucky "CourtNet" online system

22. CBT never challenged the March 7, 2024 disposition date in any

Fayette Circuit Court filing.

23. CBT's Proof of Claim fails to accurately represent the closure of the foreclosure case and its legal implications.

24. As the foreclosure case is closed, CBT lacks standing to assert a claim in this bankruptcy proceeding.

## Credit Reporting Agency Determinations that Contradict CBT

25. Following the foreclosure in 2021, all three major credit reporting agencies (Equifax, Experian, and TransUnion) independently determined in 2023 that our debt to CBT had been satisfied.

26. On May 17, 2023, we filed a Fair Credit Reporting Act claim against CBT and these credit agencies in the U.S. District Court, Eastern District of Kentucky (Case No. 523-cv-00139-REW-MAS). Following this filing, all three credit agencies removed the CBT debt from our credit reports. This debt remains removed from our credit reports to this day.

27. While we have since released all three credit agencies from our Fair Credit Reporting Act claim, the case remains active against CBT as the sole remaining defendant.

28. These credit reporting agencies, who serve as independent experts in debt verification and determination, unanimously sided with our position that the debt to CBT was satisfied.

29. I have attached as Exhibit D to this Notice of Objection the three-page credit agency reports which verify that we no longer owe any debt to CBT. These objective third-party determinations provide further evidence that CBT's claim should be disallowed.

30. We have also filed an adversary proceeding against CBT (Adv. Proc. No. 1:25-ap-01026-MB) raising these and other issues.

31. Exhibits with this filing are:

A. Wains' four letters to the U.S. Trustee's Office, dated January 2025 (12 pages).

B. Wains' letter to U.S. District Court Judge Stinnett, Case No. 523-cv-00139-REW-MAS, dated November 25, 2024 (2 pages).

C. CBT Proof of Claim Excerpts including form 410 filed December 20, 2024 (6 pages).

D. Credit Report Summaries Douglas A. Wain and Elisa Wain Equifax, Experian, and TransUnion Retrieved June 17, 2024 (3 pages).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 27, 2025, at Calabasas, California.

Page **9** of **10**

DOUGLAS ALAN WAIN
Debtor