**douglaswain@gmail.com**

| | |
|---|---|
| **Subject:** | FW: Attn Elizabeth F. Rojas/Chapter 13 Trustee - Re: Wains Objection to Central Bank's Proof of Claim. Three Attachments. 1.6.2024 |
| **Attachments:** | Wains 42 U.S.C. Section 1983 filing USDC Case No. 524-cv-00305-GFVT 187 pages 10.28.2024.pdf; Wains Letter to USDC Judge Stinnett Case No. 523-cv-00139-REW-MAS 2 pages 11.25.2024.pdf; Wains email to the Office of the U.S. Trustee 4 pages 12.30.2024.pdf |

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Monday, January 6, 2025 3:02 PM
**To:** lrojas@ch13wla.com
**Subject:** Attn Elizabeth F. Rojas/Chapter 13 Trustee - Re: Wains Objection to Central Bank's Proof of Claim. Three Attachments. 1.6.2024

January 6, 2025

Elizabeth F. Rojas
Chapter 13 Trustee
15260 Ventura Boulevard, Suite 830
Sherman Oaks, CA 91403

Dear Elizabeth F. Rojas, Chapter 13 Trustee for the San Fernando Valley and the Northern Division bankruptcy courts:

Reference: Douglas A. Wain and Elisa Wain, Case No. 1:24-bk-11814-MB, Chapter 13 Bankruptcy on October 30, 2024, in the United States Bankruptcy Court, Central District of California

We, Douglas A. Wain and Elisa Wain, are the debtors in the above-referenced Chapter 13 Bankruptcy case. The sole creditor, Central Bank & Trust Co. (CBT), 300 West Vine Street, Lexington, KY 40507, filed a Proof of Claim (POC) against us on December 20, 2024, for $357,990.91.

We respectfully request that Elizabeth F. Rojas, Chapter 13 Trustee for the San Fernando Valley and the Northern Division bankruptcy courts, **review** and **investigate** CBT's Proof of Claim (POC), which we believe contains material inaccuracies, omissions, and deficiencies, possibly rendering it improper for allowance in the current Chapter 13 Bankruptcy proceeding pursuant to 11 U.S.C. § 502(b). CBT's POC filing may also **possibly** be in violation of 18 U.S.C. § 152 and Federal Rule of Bankruptcy Procedure 9011.

We OBJECT to CBT's POC to this Bankruptcy Court on December 20, 2024. We believe CBT's, is improper due to **time-barred claims** (A - No Deficiency Judgment), **lack of standing** (B - CBT's one case is closed), **loss of collection rights** (C - Abandonment.) **subordination** (D - CBT released the first mortgage holder) and **material omissions** (E - Duty to Disclose.)

**A) OBJECTION - TIME-BARRED CLAIM - NO DEFICIENCY JUDGMENT - CBT did not obtain a Deficiency Judgment. CBT never made any court filings about a "Deficiency Judgement."** Kentucky is a recourse state, which means that if the foreclosure sale does not cover the full amount of the mortgage debt, the lender can pursue a "Deficiency Judgment" against the borrower. The time limit in Kentucky is that the lender has **6 months** from the date of the foreclosure sale to file a

deficiency judgment. This is specifically outlined in Kentucky Revised Statutes (KRS) 413.120. The lender must file a separate lawsuit within the 6-month window to obtain a deficiency judgment.

The date of the foreclosure auction/sale, in this case, was **February 8, 2021**, so the six-month filing deadline was **August 8, 2021**. This was over three years before CBT filed its POC. There was never a "Deficiency Judgment" order, hearing, lawsuit, filing, procedure, etc., in this case. CBT mentioned multiple 2024 documents in their "Declaration," but these documents are all irrelevant since they were long past the **August 8, 2021**, six-month statute of limitations date. CBT did not even mention "Deficiency Judgment" in their "Declaration" to this Bankruptcy Court on December 20, 2024.

**B) OBJECTION - LACK OF STANDING - CBT's foreclosure case against the Wains Case No. 19-CI-00812, filed on March 6, 2019, is closed.** CBT received a judgment of $358,412.72 on January 20, 2021, from the Fayette Circuit Court. This is the only case where CBT is the Plaintiff against us. CBT's foreclosure case, Case No. 19-CI-00812, was closed in November 2024, prior to their filing of the POC. As the case is no longer open, CBT lacks standing to assert a claim in this bankruptcy.

Central Bank & Trust Co. (CBT) original foreclosure action against us in Fayette Circuit Court, Lexington, KY, Case No. 19-CI-00812, filed on March 6, 2019, was closed by the presiding Judge Kimberly Bunnell sometime in the first two weeks of November 2024. The Disposition date Judge Bunnell put on it was March 7, 2024, the date of her Order where she ordered the distribution of the auction/sale proceeds to the two creditors, CBT and the first mortgage holder USB/NewRez. Judge Bunnell did not issue an Order associated with this November 2024 action, closing CBT's case as of March 7, 2024.

We discovered CBT's case closure because it was taken off the State of Kentucky "CourtNet" online system. I confirmed twice with the Kentucky Administrative Office of the Courts that this case was closed. I also confirmed that CBT's case against us was closed with two Fayette Circuit Court Clerks, including Fayette Circuit Court Supervisor Savanah Guerrero. I also noted this March 7, 2024, disposition date in our November 25, 2024, letter to the USDC EDKY Judge Magistrate in our Fair Credit Reporting Act (FCRA) action against CBT, Case No. 523-cv-00139-REW-MAS. I also noted this March 7, 2024 disposition date at our 341(a) meeting on December 18, 2024. CBT also showed the March 7, 2024, disposition date in their case history submission to this Judge Magistrate on November 15, 2024. CBT never challenged this disposition date in any filing to the Fayette Circuit Court, Lexington, KY. CBT never mentioned this disposition date in their December 20, 2024, POC filing.

**C) OBJECTION - CBT abandoned its collection rights against the Wains in their case by leaving the auction/sale proceeds with the Master Commissioner for over three years.**

CBT lost all its proceeds rights when it abandoned the auction/sale proceeds. The property sold for **$630,000.01** at the auction/sale on February 8, 2021, and the Master Commissioner held these funds. CBT could have asked the Court for a distribution of the auction/sale proceeds at any time after the February 8, 2021, auction/sale. They had no obstacle whatsoever. CBT did not receive their distribution until March 17, 2024, 1,133 days, over three years after they could have received the funds. Reference Kentucky Revised Statutes (KRS) Chapter 393A and Chapter 426.

From first mortgage holder USB/NewRez's filing to Fayette Circuit Court KY June 1, 2023: "*Central Bank could have moved for distribution of the sale proceeds at any time after the confirmation of the sale as there is no Civil Rule or Local Rule that would prohibit it from doing so or that would require the first lienholder to do so.*"

From Fayette Circuit Court hearing, August 25, 2023. Judge Bunnell - *"See yours (CBT) is the difficult one. I know, but nobody did anything. I mean, no one. I mean, all you had to do is come to Court and go, two years ago, and say Hey let's make them do that, just do what you're doing right now." "Yea I mean I, no one came, it's kind of like Motions to Compel, you know, and so there was nothing in front of me to say let's move this along, let's get some deadlines, let's make it happen. Anybody can do that. I'm getting ready to have a case here in just a minute, Ms. Brooks, about Motions to Compel and making me do stuff and getting making me do all things. And so same thing for you guys. Nobody did that. And so had that happened, then I could have been like, oh yea like they deserve their fee, equity says you got to get your interest. But that's not what happened."*

**D) OBJECTION - CBT lost its auction/sale proceeds rights by not challenging the first mortgage holder, USB/NewRez's Proceeds claim, although CBT blamed USB/NewRez. CBT instead issued USB/NewRez a release in a March 7, 2024, Order.**

From CBT's filing to Fayette Circuit Court on May 22, 2023: *"To The financial detriment of Central Bank, the other secured lienholder has failed to pursue any interest in these funds." "However since the sale of the Property, the inaction of NewRez has Interfered with Central Bank receiving the proceeds that it is entitled to from the sale of the property." "As a result of NewRez's total and complete inaction for two years, Central Bank faces an unjust result beyond its control."*

CBT subordinated their rights to auction/sale proceeds to the first mortgage company USB/NewRez, in the March 7, 2024, Order

From Fayette Circuit Court, Judge Bunnell's March 7, 2024. Order: *"Have seen: /s/ Christopher G. Colson (w/ em auth. 2/21/24) Hon. Christopher G. Colson Hon. Taft McKinstry FOWLER BELL PLLC 300 W. Vine Street, Suite 600 Lexington, KY 40507 Counsel for Plaintiff, Central Bank & Trust Co."*

**E) OBJECTION - CBT's POC filing dated December 20, 2024, omitted relevant case details. Their POC filing did not include the following material information.**

CBT, in their POC and at the 341(a) meeting on December 18, 2024, omitted the following facts essential to understanding this case.

Failure to pursue a deficiency judgment.
Closure of CBT's case.
Abandonment of proceeds with the Master Commissioner for over three years.
Lack of protest over distribution.
"Satisfaction by Execution."
CBT's written release in March 12, 2021 Order.
Federal foreclosure moratorium issue. The federal Coronavirus Aid, Relief, and Economic Security (CARES) Act," 15 U.S.C. §9056(c)(2).
CBT is not a "secured" creditor. They are an "unsecured "creditor as of March 12, 2021.
The first mortgage company USB/NewRez was paid in full, $538,150.82. CBT was the second lien holder.
Bias and prejudice issues.
Conflict of interest issues.
The Inspector General of the Kentucky Finance and Administration Cabinet is looking into the lack of escheatment to the State after two years. Kentucky Rules of Civil Procedure (CR), 53.06.
Kentucky Court of Appeals Order 24-CA-0850OAon September 23, 2024, in their citing in CBT's "Declaration" to this Court, stated, *"Nothing contained in this Order should be construed as a ruling on the merits of the allegations."* This statement in the Order was omitted in CBT's "Declaration."

3

Due process issues - Wains, on October 28, 2024, filed a lack of due process complaint in USDC EDKY for lack of Fayette Circuit Court, Lexington, KY due processes and lack of Kentucky Court of Appeals due processes. Case No. 5:24-cv-00305-GFVT.

A Fair Credit Reporting Act (FCRA) claim against CBT in U.S. District Court, Eastern District of Kentucky, which is active.

Counterclaims litigation against CBT is still active.

The three major credit reporting agencies agreed and sided with the Wains against CBT in Wain's FCRA claim.

"Fire sale" of auction/sale issues.

Contested lock-out issue.

Attached are two of our federal filings and our email to the U.S. Trustee with more detailed information on these subjects and more.

*Wains email to the Office of the U.S. Trustee 4 pages 12.30.2024*

*Wains Letter to USDC Judge Stinnett Case No. 523-cv-00139-REW-MAS 2 pages 11.25.2024*

*Wains 42 U.S.C. Section 1983 filing USDC Case No. 524-cv-00305-GFVT 187 pages 10.28.2024*

All statements are based on court records, official documents, and direct quotes from proceedings, copies of which are available upon request.

We appreciate your time and consideration of this matter. Should you require further documentation or clarification, please do not hesitate to contact us at the information provided below.

Douglas A. Wain and Elisa Wain
P.O. Box 7473
Westlake Village, CA 91359

859.494.3677

cc: Kevin T. Simon, Esq., Law Offices of Kevin T. Simon, APC

4

January 13, 2025

Chapter 13 Trustee
Elizabeth F. Rojas
15260 Ventura Blvd, Suite 710
Sherman Oaks, CA 91403

Reference: Wain Chapter 13 Bankruptcy filing on October 30, 2024, in the United States Bankruptcy Court, Central District of California, Case No. 1:24-bk-11814-MB

Subject: Notice of Attorney Withdrawal and Critical Information Regarding Central Bank & Trust Company's Claim

Dear Elizabeth F. Rojas:

We are writing to inform you of a change in our legal representation and to provide critical information regarding Central Bank & Trust Company's (CBT) claim in our Chapter 13 bankruptcy case.

Please be advised that as of January 11, 2025, the Law Offices of Kevin T. Simon, APC, no longer represent us in this referenced case. We request that all future communications be directed to us using P.O. Box 7473 Westlake Village, CA 91359 Phone: 859.494.3677 Email: douglaswain@gmail.com.

As debtors in possession of the above-referenced Chapter 13 case, we are writing to provide critical information regarding Central Bank & Trust Company's (CBT) claim and actions that materially affect our bankruptcy case. We understand our fiduciary duty to act in the best interest of all parties and to disclose relevant information about creditor claims and potential issues.

Request for Review

We respectfully request your review of the following matters as they directly affect the validity and amount of Central Bank & Trust Co.'s claim in our Chapter 13 case.

Specific Concerns

Our review has identified several significant issues regarding CBT's claim, including, but not limited to:

CBT's failure to file for a deficiency judgment within the required timeframe

The formal closure of CBT's case against us on March 7, 2024

CBT's improper retention of foreclosure funds with the master commissioner for over three years

CBT's acceptance of a subordinate position when the first lien holder claimed the majority of foreclosure funds

Material omissions in CBT's Proof of Claim affecting its validity

CBT's proceeding with foreclosure during a federal moratorium period while our first mortgage was held by Fannie Mae

Supporting Documentation

The following documents provide detailed evidence supporting our concerns:

1. Our email to Chapter 13 Trustee Elizabeth F. Rojas (4 pages, dated January 6, 2025)
2. Our email to the Office of the U.S. Trustee (4 pages, dated December 30, 2024)
3. Our Letter to USDC Judge Stinnett, Case No. 523-cv-00139-REW-MAS (2 pages, dated November 25, 2024)
4. Our 42 U.S.C. Section 1983 filing, USDC Case No. 524-cv-00305-GFVT (187 pages, dated October 28, 2024)

Additional documentation is available upon request. We believe these issues require immediate attention as they directly impact the administration of our Chapter 13 case.

Thank you for your attention to this matter.

Douglas A. Wain

Elisa Wain

Case No. 1:24-bk-11814-MB

5 attachments

January 20, 2025

Elizabeth F. Rojas
Chapter 13 Trustee
15260 Ventura Blvd, Suite 710
Sherman Oaks, CA 91403

**Subject:** Updated Information and Request for Review of Proof of Claim
**Case No.:** 1:24-bk-11814-MB
**Reference:** Wain Chapter 13 Bankruptcy Filing – October 30, 2024

**Dear Ms. Rojas,**

I hope this email finds you well. Please find attached an important letter regarding our Chapter 13 bankruptcy case (No. 1:24-bk-11814-MB). This communication includes:

Updated contact information

Confirmation of recent payment

Request for review of Central Bank & Trust Co.'s Proof of Claim

Information regarding Bank of America's Proof of Claim

List of previously submitted supporting documentation

We are in the process of securing new legal representation. Until further notice, kindly direct all communications to the following address:

Douglas A. Wain and Elisa Wain
P.O. Box 7473
Westlake Village, CA 91359
Phone: (859) 494-3677
Email: douglaswain@gmail.com

**I. Confirmation Hearing and Payment Status**

We acknowledge the following:

- The Confirmation Hearing has been continued to Thursday, March 6, 2025, at 9:30 AM.
- The deadline for amended schedules is February 20, 2025.
- The required payments of $200 are due by January 29, 2025, and February 28, 2025.

Please be advised that the payment due on January 29, 2025, was completed on January 15, 2025, via Nationwide TFS, LLC. Our Chase Bank checking account confirms that this payment has been successfully processed.

## II. Central Bank & Trust Co. (CBT) Proof of Claim

We formally request a thorough review and investigation of the Proof of Claim submitted by Central Bank & Trust Co. (300 West Vine Street, Lexington, KY 40507) on December 20, 2024, in the amount of $357,990.91.

It is our assertion that this claim **does not comply with federal bankruptcy laws and procedural requirements.** As the Chapter 13 Trustee, we respectfully request your office to exercise its authority and fiduciary duty to investigate this matter and determine whether penalties or corrective actions are warranted.

**Violations Identified:**

1. **Failure to Obtain a Deficiency Judgment**
   - Failure to secure a deficiency judgment post-foreclosure should bar CBT from collecting the remaining debt.
   - Violations of:
     - Bankruptcy Rule 3001(c) (requirement for supporting documentation).
     - 11 U.S.C. § 501 (proper filing of proofs of claim).
2. **Foreclosure Case Closure (March 7, 2024)**
   - The POC lacks accurate representation of the case closure.
   - Violations of:
     - Federal Rule of Bankruptcy Procedure (FRBP) 3001(a) & (c).
     - 18 U.S.C. § 152(3) (false declarations under penalty of perjury).
3. **Unclaimed Funds Held by Master Commissioner for Over Three Years**
   - CBT failed to disclose available funds, violating:
     - 11 U.S.C. § 521(a)(1) (full disclosure requirement).
     - Bankruptcy Rule 3001(a) (accuracy in claims).
4. **Subordinate Lender Status**
   - CBT failed to disclose its status as a subordinate lender, violating:
     - Bankruptcy Rule 3001(f) (validity of claims).
     - 11 U.S.C. § 506 (secured status determination).
5. **Misclassification as a Secured Creditor**
   - False representation of secured status post-foreclosure, violating:
     - 11 U.S.C. § 506(a).
     - 18 U.S.C. § 152(3).
6. **CARES Act Violations**
   - The foreclosure executed on February 8, 2021, during the federal CARES Act moratorium, violated:

- 15 U.S.C. § 9056(c)(2) (prohibition on foreclosure of federally-backed loans).
- 12 C.F.R. § 1024.41(f) (loss mitigation requirements).
- CFPB COVID-19 emergency mortgage rules.

The following is a more complete list of CBT's omission violations in their POC filing on December 20, 2024, and their involvement and participation in the 341 (a) meeting on December 18, 2024.

Failure to pursue a deficiency judgment.

Closure of CBT's case.

Abandonment of proceeds with the Master Commissioner for over three years.

Lack of protest over distribution.

"Satisfaction by Execution."

CBT's written release on March 12, 2021, Order.

Federal foreclosure moratorium issue. The federal Coronavirus Aid, Relief, and Economic Security (CARES) Act," 15 U.S.C. §9056(c)(2).

CBT is not a "secured" creditor. They are an "unsecured "creditor as of March 12, 2021.

The first mortgage company USB/NewRez was paid in full, $538,150.82. CBT was the second lien holder.

Bias and prejudice issues.

Conflict of interest issues.

The Inspector General of the Kentucky Finance and Administration Cabinet is looking into the lack of escheatment to the State after two years. Kentucky Rules of Civil Procedure (CR), 53.06.

Kentucky Court of Appeals Order 24-CA-0850OA on September 23, 2024, in their citing in CBT's "Declaration" to this Court, stated, *"Nothing contained in this Order should be construed as a ruling on the merits of the allegations."* This statement in the Order was omitted in CBT's "Declaration."

Due process issues. Wains, on October 28, 2024, filed a lack of due process complaint in USDC EDKY for lack of Fayette Circuit Court, Lexington, KY due processes and lack of Kentucky Court of Appeals due processes. Case No. 5:24-cv-00305-GFVT.

A Fair Credit Reporting Act (FCRA) claim against CBT in U.S. District Court, Eastern District of Kentucky, which is active. Case No. 523-cv-00139-REW-MAS

Counterclaims litigation against CBT, which is still active.

The three major credit reporting agencies agreed and sided with Wains against CBT in Wain's FCRA claim.

"Fire sale" of February 8, 2021, auction/sale issues.

Contested lock-out issue.

## III. Bank of America Proof of Claim

Regarding the Proof of Claim filed by Bank of America in the amount of $12,434.37 on January 6, 2025, please note the following:

- The debt pertains to a corporate credit card issued to a U.S. corporation that ceased operations in 2011.
- The corporate credit card was not a personal liability.
- We have never received any direct personal communication regarding this debt, and this debt has never appeared on any of our personal credit reports.
- The statute of limitations under Kentucky law for credit card debt collection (five years) expired in 2016.

## Supporting Documentation Submitted

For your reference, we have previously submitted the following documents related to this case:

- Email to the Office of the U.S. Trustee (December 30, 2024, 4 pages).
- Email to Chapter 13 Trustee Elizabeth F. Rojas (January 6, 2025, 4 pages).
- 42 U.S.C. Section 1983 filing, USDC Case No. 524-cv-00305-GFVT (October 28, 2024, 187 pages).
- Letter to USDC Judge Magistrate Stinnett, Case No. 523-cv-00139-REW-MAS (November 25, 2024, 2 pages).
- Letter to Chapter 13 Trustee Elizabeth F. Rojas (January 13, 2025, 2 pages).

We appreciate your attention to this matter and look forward to your response. Should you require additional information or clarification, please do not hesitate to contact us.

Respectfully submitted,

Douglas A. Wain

Elisa Wain

cc: United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017

January 31, 2025

Elizabeth F. Rojas
Chapter 13 Trustee
15260 Ventura Blvd, Suite 710
Sherman Oaks, CA 91403

**Case No.:** 1:24-bk-11814-MB filed October 30, 2024
**Reference:** Follow-up on the validity of CBT's Proof of Claim

**Dear Ms. Rojas,**

We hope this letter finds you well. We am writing to follow up on our letter dated **January 20, 2025**, regarding the **Proof of Claim filed by Central Bank & Trust Co. (CBT) on December 20, 2024**. We would appreciate an update on your office's review and whether any action will be taken regarding the validity of this claim.

As outlined in our initial submission, we have provided substantial documentation indicating that **CBT's claim does not meet the legal threshold of a valid Proof of Claim** under applicable bankruptcy laws and procedural requirements. Specifically, we highlighted these omissions by CBT:

- The **foreclosure and sale of the property during the Federal COVID-19 Moratorium**;
- **CBT's position as a subordinate lender** and its acceptance of that role;
- The **absence of a deficiency judgment in Kentucky**, which is required for further collection efforts;
- **The three-year retention of funds by the Master Commissioner** and the state court judge's **closure of the case** and the **unsecured** status of CBT.

Given these factors, among others we have detailed, we believe that this claim should be **disallowed** and that your office, as part of its duty to ensure the integrity of the bankruptcy process, should take appropriate action.

We understand that your office receives many inquiries, but we respectfully request:

1. The current status of your review of our January 20 submission
2. Any additional information you may need from us
3. An estimated timeline for your office's determination

We are actively consulting with legal counsels on our next steps, including the potential filing of **adversary proceedings** if necessary. However, we believe this matter could be resolved more efficiently through your office's review and determination.

We appreciate your attention to this matter and look forward to your response.

Respectfully,

Douglas A. Wain

Elisa Wain

cc: United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017

November 25, 2024

Matthew A. Stinnett
United State Magistrate Judge
Eastern District of Kentucky

**Dear Honorable Matthew A. Stinnett, Judge:**

Our position that Central Bank & Trust Co. (CBT)should be compelled to do Discovery in this **Case No. 5:23-cv-00139-REW-MAS as per** our Motion to this Court filed on November 4, 2024, is based on facts. These facts are:

CBT's case history document they submitted to this court on November 15, 2024, shows a "Disposition" date so on CBT's claims on March 7, 2024, on their claims against the Plaintiffs in Fayette Curie Court Case No. 19-CI00812. That is the date or the Order giving CBT their distribution of auction proceeds. These auction proceeds were from a foreclosure action CBT, the second mortgage holder, took against the Plaintiffs on March 6, 2019. CBT received a Judgment of $358,412.72 on Janunary20, 2021 by the Fayette Circuit Court.

We however we believe the final Disposition date of CBT claims, should have been earlier including February 8, 2021, the date the Plaintiff's completed a "Satisfaction of Execution," March 12, 2021 the date CBT gave a clear written release to the Plaintiffs simultaneously while give a release on their lien on the referenced property. Also on February 8, 2023, when the auction proceeds should have been escheated to the Commonwealth of Kentucky as per a standing Kentucky Supreme Court Order. The Plaintiff is continuing action on these "satisfaction" dates.

CBT abandoned the **$605,035.42** auction proceeds making their first Motion for Distribution only **after** we filed this action on May 15, 2023. Although CBT completely abandoned the auction proceeds for two years, continue to report to all three credit agencies that the Plaintiffs s owed CBT the amount in full. We successful took action against the three credit agencies in this case and we were completely successful in getting CBT off all three of our credit reports despite CBT vigorous opposition. CBT is the only Defendant left in this Case No. 5:23-cv-00139-REW-MAS. At no time did anyone or anything prevent CBT from making a Motion for Distribution and receiving a distribution. There was even an extended period where the 1st mortgage holder USB/NewRez was not even represented by counsel in this case. CBT had no opposition. In addition, the other first mortgage holder, USB/NewRez according to the January 20, 2021 Order needed to obtain a Judgment before making a Motion for Distribution. USB/NewRez did not receive their Judgment until **March 7, 2024**

**USB/New Rez's filing to Fayette Circuit Court KY June 1, 2023:** *"Central Bank could have moved for distribution of the sale proceeds at any time after the confirmation of the sale as there is no Civil Rule or Local Rule that would prohibit it from doing so or that would require the first lienholder to do so."*

**Testimony at Fayette Circuit Court Hearing June 2, 2023.** Judge Bunnell - *"So let me ask the question again so could the proceeds have been distributed prior to getting a final opinion from the Court of Appeals?"* CBT - *"Because there was no bond filed, it, it could."*

**From Fayette Circuit Court hearing, August 25, 2023.** Judge Bunnell - *"See yours is the difficult one. I know but nobody did anything. I mean no one. I mean all you had to do is come to Court and go, two years ago, and say Hey let's make them do that, just do what you're doing right now." "Yea I mean I, no one came, it's kind of like Motions to Compel, you know and so there was nothing in front of me to say let's move this along, let's get some deadlines, let's make it happen. Anybody can do that. I'm getting ready, to have a case here in just a*

*minute Ms. Brooks about Motions to Compel and making me do stuff and getting making me do all things. And so same thing for you guys. **Nobody did that.** And so had that happened, then I could have been like oh yea like they deserve their fee, equity says you got to get your interest. **But that's not what happened.***

To give further credence to our assertion that CBT completely abandoned the $605,035.42 auction proceeds available to them on February 8, 2021, the Plaintiff's received direct notice from the Inspector General's Office of Finance and Administration Cabinet of the State of Kentucky on October 30, 2024 notifying them that their office looking into why the $$605,035.42 was not escheated to the Commonwealth of Kentucky on February 8, 2023. Regardless, the damage for CBT abandonment for the State and the Plaintiffs are different.

At no time in CBT recent filing has they ever address their "abandonment" to this Court. There is no denying that CBT continued to report the Plaintiffs amount owed in full to the three major credit agencies, after February 8, 2021.

CBT filing in U.S. District Court for the Eastern District of Kentucky, in this case August 24, 2023. *"As set forth above, Central Bank has not had an opportunity to reduce the amount owed by the Wains by obtaining proceeds from the sale of the Wains' property." "the Wains remain considerably indebted to Central Bank"*

CBT for nearly the last four years, since Febauyr 8, 2021, has been trying to collect a fraudulent claim of their against the Plaintiffs. Plaintiffs would have acquired legal representation for this case except for CBT's aggressive collection action on a non-existent "Deficiency Order. We have filed a claim with this Court about a violation of our civil rights and due process about this non-issued, non-entered, "Deficiency Judgment." That is Case No. 5:24-cv-00305-GFVT filed on October 28, 2024.

Included with this letter is an exhibit, three pages, which are recent retrievals of the Plaintiffs credit reports which show CBT is no longer a creditor to the Plaintiffs.

CBT will soon be in violation of Fayette Circuit Court October 23, 2024, Order previously submitted to this Court on November 4, 2024. Ordering CBT to comply with deposition in the Plaintiff's counterclaim case in Case No. 19-CI-00812. CBT has refused to not only comply with our discovery request in that action, but they are also not complying with the Court Order either as they are not complying with Discovery in this case.

We are represented by attorneys in our bankruptcy filing and they have told us the following, that at no time before or after the Plaintiffs filed for Chapter 13 Bankruptcy on October 30, 2024, in the United States Bankruptcy Court, Central District of California, Case No. 1:24-bk-11814-MB, did the Plaintiffs ever lose their standing or ability to peruse any **preexisting** legal claim they have in any pending court case or any legal action the Plaintiffs undertook, The "Stay" from the Wain's Chapter 13 Bankruptcy filing on October 30, 2024, is only regarding claims against the Wains. It is not a "Stay" of preexisting claims the Wains have against others. We believe CBT Motion for Summary Judgment might be barred according to Federal Bankruptcy Laws. We object to CNT Motion for Summary Judgment on many grounds, and we opposed a long term "Stay" in this case. However, we would like to request a thirty-day extension from the date of this for the Plaintiffs to learn more about their bankruptcy protection in regard to this case and possibly retain the service of an attorney.

Respectful Submitted,

Douglas A. Wain and Elisa Wain, Pro Se
Westlake Village, CA

William E. Ireland (Bar No. 115600)
*wireland@hbblaw.com*
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone:  213.542.8000
Facsimile:  213.542.8100

Attorneys for Creditor
Central Bank & Trust Co.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

In Re:

Douglas Wain
Elisa Wain,

        Debtors.

Case No. 1:24-bk-11814-MB

**SECURED CREDITOR, CENTRAL BANK & TRUST CO.'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

Plan Confirmation Hearing:
January 9, 2025
Time:   9:30 a.m.

COMES NOW, Creditor, Central Bank & Trust Co., and herewith objects to the Debtor's proposed Chapter 13 plan.

Creditor has attached a copy of its Proof of Claim in this matter, which includes as an attachment, the Declaration of Timothy Wiseman sets forth the basis for this Objection.  In short, the plan submitted by the Debtor ignores the final judgment that was obtained against the Debtors in Kentucky, which is for $357,000. As set forth in the Wiseman Declaration, Debtors have repeatedly—and unsuccessfully—challenged that final money judgement in multiple courts.

The Debtors repeatedly attempted to circumvent the consequences of that judgment, set forth in the Declaration of Timothy R. Wiseman attached to the Proof of Claim, and the exhibits thereto.  However, that judgment is final.

CB29-0000001
15146208.1

1

SECURED CREDITOR, CENTRAL BANK & TRUST CO.'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The Trustee and the Court will need to determine what, if any, Chapter 13 plan can be confirmed, or if this matter should be converted to a Chapter 7. But the proposed Plan that has been submitted that does not even attempt to fully disclose the largest creditor or include its final judgment in the plan, should not be considered or confirmed at this time.

DATED: December 20, 2024

Respectfully Submitted,
HAIGHT BROWN & BONESTEEL LLP

By: _____/s/ William E. Ireland_____
   William E. Ireland
   Attorneys for Creditor
   Central Bank & Trust Co.

CB29-0000001
15146208.1

2

## PROOF OF SERVICE

In Re Douglas Alan Wain; Elisa Wain

Case No. 1:24-bk-11814

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 555 South Flower Street, Forty-Fifth Floor, Los Angeles, CA 90071.

On December 20, 2024, I served true copies of the following document(s) described as **SECURED CREDITOR, CENTRAL BANK & TRUST CO.'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN** on the interested parties in this action as follows:

Pursuant to CM/ECF

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 20, 2024, at Los Angeles, California.

/s/ Lisa R. Muzycka
Lisa R. Muzycka

CB29-0000001
15146208.1

1                                 SECURED CREDITOR, CENTRAL BANK &
                                  TRUST CO.'S OBJECTION TO DEBTOR'S
                                  CHAPTER 13 PLAN

Main Document   Page 32 of 70

**Fill in this information to identify the case:**

Debtor 1  Douglas Alan Wain

Debtor 2  Elisa Wain
(Spouse, if filing)

United States Bankruptcy Court for the:  Central District of California

Case number  1:24-bk-11814-MB

Official Form 410

# Proof of Claim

12/24

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Central Bank & Trust Co.<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? |

3. Where should notices and payments to the creditor be sent?

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

William E. Ireland; Haight, Brown & Bonesteel
Name

555 S. Flower Street, 45th Floor
Number      Street

Los Angeles          CA          90071
City                State       ZIP Code

Contact phone (213) 542-8000

Contact email wireland@hbblaw.com

**Where should payments to the creditor be sent? (if different)**

William E. Ireland; Haight, Brown & Bonesteel
Name

555 S. Flower Street, 45th Floor
Number      Street

Los Angeles          CA          90071
City                State       ZIP Code

Contact phone (213) 542-8000

Contact email wireland@hbblaw.com

Uniform claim identifier (if you use one):

| | |
|---|---|
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____ MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? |

Case 2:24-mk-11824-WBB   Claim 91   Filed 04/26/24   Entered 04/26/24 14:53:36   Page 2 of
Main Document   Page 32 of 93

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  1  7  9  2

7. How much is the claim?    $_____357,990.91__. Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).
*See attached statement*

8. What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Judgment; see attached declaration

9. Is all or part of the claim secured?

☑ No

☐ Yes.   The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection:    _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:    $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____

Annual Interest Rate (when case was filed)_____%
☐ Fixed
☐ Variable

10. Is this claim based on a lease?

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

11. Is this claim subject to a right of setoff?

☑ No

☐ Yes. Identify the property: _____

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    12/20/2024
　　　　　　　　　　　MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Timothy R. Wiseman | | |
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Stoll Keenon Ogden PLLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 300 W. Vine St., Suite 2100 | | |
| | Number　　Street | | |
| | Lexington | KY | 40507 |
| | City | State | ZIP Code |
| Contact phone | (859) 231-3000 | Email | tim.wiseman@skofirm.com |

| | | | | | | |
|---|---|---|---|---|---|---|
| Mortgage Accounts | **Report Date** | | | Jun 17, 2024 | | |
| Installment Accounts | **Credit File Status** | | | No indication on file | | |
| | **Average Account Age** | | | 15 Years, 10 Months | | |
| Other Accounts | **Length of Credit History** | | | 24 Years, 9 Months | | |
| Consumer Statement | **Oldest Account** | | | CHASE CARD | Sep 1999 | | |
| | **Most Recent Account** | | | HYUNDAI MOTOR FINANCE | Apr 2015 | | |
| Personal Information | **Alert Contacts** | | | 0 Records Found | | |
| | **Accounts with Negative Information** | | | 7 | | |
| Inquiries | | | | | | |

### Credit Accounts

Your credit report includes information about activity on your credit accounts that may affect your credit scores

Public Records

Collections

Your Rights

| ACCOUNT TYPE | OPEN ACCOUNTS | ACCOUNTS WITH A BALANCE | BALANCE | AVAILABLE BALANCE | CREDIT LIMIT | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|---|
| **YOUR IDENTITY** REVOLVING | 2 | 0 | $0 | $0 | $0 | $0 |
| Freeze MORTGAGE | 0 | 0 | $0 | $0 | $0 | $0 |
| Fraud & Active Duty Alerts INSTALLMENT | 1 | 1 | $3,867 | $17,169 | $20,036 | $0 |
| OTHER | 0 | 0 | $0 | $0 | $0 | $0 |
| Dispute Center TOTAL | 1 | 1 | $3,867 | $17,159 | $20,036 | $0 |

---

| | | | | | | |
|---|---|---|---|---|---|---|
| Mortgage Accounts | **Report Date** | | | Jun 05, 2022 | | |
| Installment Accounts | **Credit File Status** | | | No indication on file | | |
| | **Average Account Age** | | | 19 Years, 0 Months | | |
| Other Accounts | **Length of Credit History** | | | 24 Years, 8 Months | | |
| Consumer Statement | **Oldest Account** | | | CHASE CARD | Sep 1999 | | |
| | **Most Recent Account** | | | SELETE FINANCE LLC | Mar 2020 | | |
| Personal Information | **Alert Contacts** | | | 0 Records Found | | |
| | **Accounts with Negative Information** | | | 3 | | |
| Inquiries | | | | | | |

### Credit Accounts

Your credit report includes information about activity on your credit accounts that may affect your credit scores

Public Records

Collections

Your Rights

| ACCOUNT TYPE | OPEN ACCOUNTS | ACCOUNTS WITH A BALANCE | BALANCE | AVAILABLE BALANCE | CREDIT LIMIT | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|---|
| **YOUR IDENTITY** REVOLVING | 0 | 0 | $0 | $0 | $0 | $0 |
| Freeze MORTGAGE | 0 | 0 | $0 | $0 | $0 | $0 |
| Fraud & Active Duty Alerts INSTALLMENT | 0 | 0 | $0 | $0 | $0 | $0 |
| OTHER | 0 | 0 | $0 | $0 | $0 | $0 |
| Dispute Center TOTAL | 0 | 0 | $0 | $0 | $0 | $0 |





| Employer | Occupation |
|---|---|
| ⌄ WAR AGAINST VIOLENCE CORP | CEO EXECUTIVE DIRECTO |
| ⌄ DOUGLAS SAFETY CORP | PRES |
| ⌄ SELF EMPLOYED | |

Expand all

## 🏛 Accounts

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The rating key is provided to help you understand some of the account information that could be reported. Pay Status represents the current status of accounts and indicates how you are currently paying. For accounts that have been paid and closed, sold, or transferred, Pay Status represents the last reported status of the account.

### Accounts with Adverse Information

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added [brackets] to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current, Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

| Account Name | Account Number | Balance | Monthly Payment |
|---|---|---|---|
| ⌄ DITECH FINANCIAL LLC | 511003954**** | $0 | $0 |
| ⌄ GM FINANCIAL | 17086**** | $0 | $0 |
| ⌄ JPMCB CARD SERVICES | 426684130159**** | $0 | . . . |
| ⌄ MB FINANCIAL SERVICES | 700417650**** | 32,867 | $0 |
| ⌄ SELENE FINANCE LP | 271200499**** | $0 | $0 |

### Satisfactory Accounts

The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current, Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

| Account Name | Account Number | Balance | Monthly Payment |
|---|---|---|---|
| ⌄ HYUNDAI FINANCE | 151309**** | $0 | $0 |

---

| Employer | Occupation |
|---|---|
| ⌄ FAYETTE CO PUBLIC SCHOOLS | TEACHER |
| ⌄ FAYETTE COUNTY SCHOOLS | TEACHER |
| ⌄ DOUGLAS SAFETY CORP | . . . |
| ⌄ LEXINGTON SCHOOLS | . . |

Expand all

## 🏛 Accounts

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The rating key is provided to help you understand some of the account information that could be reported. Pay Status represents the current status of accounts and indicates how you are currently paying. For accounts that have been paid and closed, sold, or transferred, Pay Status represents the last reported status of the account.

### Accounts with Adverse Information

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added [brackets] to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current, Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

| Account Name | Account Number | Balance | Monthly Payment |
|---|---|---|---|
| ⌄ DITECH FINANCIAL LLC | 511003954**** | $0 | $0 |
| ⌄ JPMCB CARD SERVICES | 426684130159**** | $0 | . . . |
| ⌄ SELENE FINANCE LP | 271200499**** | $0 | $0 |

### Satisfactory Accounts

The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current, Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

| Account Name | Account Number | Balance | Monthly Payment |
|---|---|---|---|
| ⌄ JPMCB CARD SERVICES | 414720733597**** | $0 | . . . |

| | |
|---|---|
| Douglas A. Wain Pro Se and Elisa Wain Pro Se<br>P.O. Box 7473<br>Westlake Village, CA 91359<br>Phone: 859.494.3677<br>douglaswain@gmail.com<br><br><br><br><br><br><br><br>☐ *Attorney for Movant*<br>☒ *Movant appearing without an attorney* | FOR COURT USE ONLY |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - San Fernando Valley DIVISION

| | |
|---|---|
| In re: | CASE NO.: 1:24-bk-11814-MB |
| | CHAPTER: 13 |
| Douglas A. Wain and Elisa Wain<br><br>Debtors in Chapter 13 Bankruptcy<br><br>Case No. 1:24-bk-11814-MB<br><br>Filed on October 30, 2024<br><br>United States Bankruptcy Court for the Central District of California.<br><br>Debtor(s) | **SUPPLEMENTAL NOTICE RE:<br>AVAILABILITY OF ZOOMGOV AUDIO AND VIDEO<br>FOR REMOTE APPEARANCE** |
| | HEARING DATE: June 5, 2025<br>HEARING TIME: 11:30 am<br>HEARING LOCATION: United States Bankruptcy Court<br>Central District of California<br>21041 Burbank Boulevard, Courtroom 303<br>Woodland Hills, CA 91367 |

**Movant:** Douglas A. Wain and Elisa Wain

1. The Movant has filed the following written notice or other pleading ("Notice") advising of a hearing to be held in the above-captioned case, on the date and time and at the location indicated above, before the Honorable Judge Martin R. Barash, United States Bankruptcy Judge *(insert name of pleading and, if available, docket number):*

> **NOTICE OF OBJECTION TO CLAIM** - Central Bank & Trust Co., 300 W Vine Street, Lexington KY 40507, Creditor (42202564) Proof of Claim $357,990.91 (Docket Number 19).

2. In addition to appearing in person, parties in interest (and their counsel) may appear remotely using ZoomGov audio and video. Information on how to appear using ZoomGov is provided on the following page of this notice.

3. Parties in interest (and their counsel) may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet).

4. The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet. Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

5. **Members of the public and the press may only connect to the zoom audio feed, and only by telephone. Access to the video feed by these individuals is prohibited. In the case of a trial or evidentiary hearing, no audio access will be provided. However, members of the public and the press may observe all proceedings in person.**

6. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required. The use of ZoomGov is free of charge to participants.

7. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.

8. **All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.**

9. Any party in interest or counsel that elects to appear remotely by ZoomGov bears the risk of malfunction or disconnection from the hearing.

10. The following is the unique ZoomGov connection information for the above-referenced hearing:

| | |
|---|---|
| Meeting URL: | https://cacb.zoomgov.com/j/1600174038 |
| Meeting ID: | **160 017 4038** |
| Password: | **321109** |
| Telephone: | **1 (669) 254 5252 or 1 (646) 828 7666** |

11. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-and-training-participants.

Date:

Printed name of law firm (if applicable)

Printed name of individual Movant or attorney for Movant

---

**NOTE: Unless otherwise ordered by Judge Barash: (i) this form should not be used for any trial or evidentiary hearing and (ii) no party or witness may appear remotely for any trial or evidentiary hearing.**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

*Plus Original Adversary Pleading file 25b (PST), AP Summons + Notice of Objecto claim 37 (PST)*

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (date) _4/28/2025_ I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed. *To: Haight Brown + Bonesdale 555 S. Flower St. 45th Floor Los Angeles CA 90071 ATT: W. Tran*

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/28/2025 | Douglas A. Wain | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016    **F 7004-1.SUMMONS.ADV.PROC**