UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| DOUGLAS WAIN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil No. 5:24-cv-00305-GFVT |
| ) | |
| v. ) | |
| ) | |
| JUDGE KIMBERLY BUNNELL, *et al.*, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Defendants. ) | **ORDER** |
| ) | |

*** *** *** ***

Douglas Wain and Elisa Wain are residents of Westlake Village, California. Proceeding without counsel, the Wains filed a complaint against Fayette County Circuit Court Judge Kimberly Bunnell and Kentucky Court of Appeals Judge Jacqueline Caldwell. The defendants have filed a motion to dismiss the complaint. [R. 15]. The plaintiffs have filed a response [R. 20], to which the defendants have replied [R. 23]. Accordingly, this matter is ripe for decision. As explained more fully below, the Court will **GRANT** the defendants' motion and dismiss the complaint based on the defendants' immunity from suit and for failure to state a claim upon which relief can be granted.

Central Bank & Trust Co. initiated a foreclosure action against the Wains in the Fayette Circuit Court in March 2019. *See Central Bank & Trust Co. v. Wain*, 19-CI-812 (Fayette Cir. Ct. filed Mar. 6, 2019). Central Bank filed a motion for partial summary judgment in November 2020, having alleged that the Wains defaulted on a loan that was secured by real property located in Lexington, Kentucky. Judge Kimberly Bunnell granted Central Bank's motion in January 2021 and entered an *in personam* judgment against in the Wains in the amount of $358,412.72, plus interest. *See id.* (Order filed Feb. 17, 2021). The real property was sold at a Master

Commissioner's sale the following month. The sale was confirmed on February 24, 2021, and proceeds in the amount of $605,035.42 were held pending further orders of the court.

U.S. Bank Trust National Association, which had a valid first mortgage lien on the property, was eventually added as a party to the forfeiture action. On March 7, 2024, the Fayette Circuit Court granted U.S. Bank's motion for summary judgment and entered an *in personam* judgment in its favor against the Wains in the amount of $538,150.82. *See id.* (Order filed Mar. 7, 2024). The Master Commissioner was directed to disburse $538,150.82 of the sale proceeds to U.S. Bank and the remaining $66,884.60 to Central Bank. *Id.*

Central Bank set out to collect the balance of its *in personam* judgment from the Wains. It attempted to conduct discovery pursuant to Rule 69.03 of the Kentucky Rules of Civil Procedure, but the Wains refused to participate and sought a protective order from the court. The court denied the Wains's motion for a protective order and granted Central Bank's motion to compel the Wains to submit to debtor's examinations, which were scheduled to take place on October 31, 2024. The Wains continued to challenge the proceedings by seeking Judge Bunnell's recusal and asking the court to vacate its prior rulings. While none of these efforts were successful, the debtor's examinations did not take place as scheduled because the Wains filed a petition for Chapter 13 bankruptcy on October 30, 2024, thereby staying any efforts to collect the judgment from them.[1] *See In re Wain*, 1:24-bk-11814-MB (Bankr. C.D. Cal. filed Oct. 30, 2024). The bankruptcy proceeding remains pending.

The Wains filed the instant complaint on October 28, 2024, naming Judge Bunnell and Judge Caldwell in their official capacities as defendants. *See* R. 1 at 2. However, the complaint

---

[1] The Wains also filed a motion for emergency relief in the Kentucky Court of Appeals, which was denied on October 21, 2024. [R. 1-2].

2

is devoid of any allegations concerning Judge Caldwell or the Kentucky Court of Appeals. The Wains allege that Judge Bunnell deprived them of due process in violation of the Fourteenth Amendment during the proceedings in *Central Bank & Trust Co. v. Wain*, 19-CI-812. Specifically, they allege that Judge Bunnell did not provide them of notice or representation during hearings, did not give them notice of motions or orders, shut them out of conversations during hearings, denied them "critical information," and changed orders or rulings without their knowledge. [R. 1 at 4].

The plaintiffs further allege that a conflict of interest, bias, and prejudice may have been factors in the alleged denial of due process. *Id.* The Wains allege that "the most egregious due process violation is Judge Bunnell's incorrect claim that she entered a deficiency judgment" that would allow Central Bank to recover the balance owed to it. For relief, the plaintiffs seek an injunction to stop the debtor's examination ordered by Judge Bunnell.

The plaintiffs' claims must be dismissed. First, the plaintiffs sued the defendants in their official capacities only, which means that the Commonwealth of Kentucky is the actual defendant. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent."). Because the Eleventh Amendment to the United States Constitution deprives a federal court of jurisdiction to entertain a suit against a state and its agencies, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), such claims cannot be maintained. *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir. 1992). *See also Will*, 491 U.S. at 64 (observing that a state is not a person within the meaning of 42 U.S.C. § 1983).

There is a narrow exception to Eleventh Amendment immunity for claims seeking prospective injunctive relief to end a continuing violation of federal law. *Diaz v. Michigan Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013) (citing *Ex parte Young*, 209 U.S. 123 (1908)). The Wains suggest that such relief is appropriate to stop the debtor's examination (which Judge Bunnell ordered) from taking place in the future. However, such relief would not really be prospective since it would require this Court to effectively overrule a prior order of the Fayette District Court. Federal district courts may not review state court decisions in this manner. *See RLR Invests., LLC v. City of Pigeon Forge, Tenn.*, 4 F.th 380, 392 (6th Cir. 2021) (observing that the *Rooker-Felman* doctrine applies to "[1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceeding commenced and [4] inviting district court review and rejection of those judgments") (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Regardless, 42 U.S.C. § 1983 provides that "injunctive relief shall not be granted in an action brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *See Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). The Wains did not allege in their complaint that a declaratory decree was violated or that declaratory relief was unavailable. After the defendants raised this argument in their motion to dismiss, the Wains countered that "declaratory relief alone would be inadequate to prevent ongoing constitutional violations." [R. 20 at 12]. The Court is unpersuaded by this cursory response, as "[d]eclaratory relief against a judge for actions taken in his or her judicial capacity is ordinarily available by appealing the judge's order." *Phillips v. Henderson*, No. 2:24-cv-00594-DJA, 2024 WL 4267821, at *5 (D. Nev. Sept. 22, 2024) (citations omitted). The state-court appellate process obviously was available to the

4

Wains, as they filed multiple appeals during the pendency of and after the conclusion of the forfeiture proceeding. A failure to obtain one's desired result in state court does not constitute unavailability of declaratory relief within the meaning of 42 U.S.C. § 1983. *See William Penn Apts. v. D.C. Court of Appeals*, 39 F. Supp. 3d 11, 18 (D.D.C. 2014) (citing *Hoai v. Superior Court of Dist. of Columbia*, 539 F. Supp. 2d 432, 435 (D.D.C. 2008)).

Nevertheless, the Wains maintain that they may obtain injunctive relief because Judge Bunnell was not acting in her judicial capacity. Specifically, the Wains contend that Judge Bunnell failed to disclose conflicts of interest and refused to recuse "despite clear grounds for disqualification." [R. 1 at 13]. However, accepting all of the Wains's allegations as true for the purposes of this motion, their argument fails because they have not alleged any facts indicating that Judge Bunnell's actions were non-judicial or taken in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991) (observing that "judicial immunity is not overcome by allegations of bad faith or malice"). *See* R. 1 at 4 (alleging that Judge Bunnell denied the plaintiffs due process during court proceedings).

The Wains's response to the defendants' motion to dismiss includes a request to amend the complaint. Specifically, the plaintiffs wish to add claims for monetary damages against the defendants in their individual capacities and a "class-of-one" equal protection claim against Judge Bunnell. This request will be denied. Although leave to amend is freely given, the Court is not required to allow an amendment that is futile. *See Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). A proposed amendment is futile if the amendment could not withstand a motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

"Federal common law has long afforded judges absolute immunity from suits for money arising out of actions taken in a judge's official judicial capacity. Originating in the Middle

5

Ages, this body of law developed as a means to discourage collateral attacks on judicial decisions and to protect judges from vexatious litigation." *Hughes v. Duncan*, 93 F.4th 374, 378 (6th Cir. 2024) (citations omitted). In determining whether an act is "judicial," the court considers whether it is an act normally performed by a judge and whether the parties dealt with the judge in her judicial capacity. Judge Bunnell's alleged actions here clearly fall within that category.[2] Judicial immunity extends even to judicial acts allegedly performed maliciously, corruptly, in bad faith, or in error. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).

The Wains's proposed class-of-one equal protection claim also would not survive a motion to dismiss. To prevail on a class-of-one theory, the plaintiff carries the heavy burden of showing "that the adverse treatment they experienced was so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational." *Loesel v. City of Frankenmuth*, 692 F.3d 452, 462 (6th Cir. 2012). More fundamentally, for the reasons already explained, the plaintiffs cannot recover monetary damages or the injunctive relief they seek under 42 U.S.C. § 1983. Accordingly, the plaintiffs have not alleged any basis upon which such a claim could proceed.

Finally, the Wains argue that the defendants' motion to dismiss should be denied because counsel for the defendants have an impermissible conflict of interest. The Wains have attached emails indicating that attorneys from the Lexington office of Dentons Bingham Greenebaum LLP ("Dentons") consulted with the Wains in April 2019, but advised Douglas that "it would benefit [him] to have counsel from an attorney that regularly handles plaintiffs' side banking

---

[2] As previously noted, the complaint does not include any allegations concerning Judge Caldwell. The plaintiffs' response to the motion to dismiss alleges that Judge Caldwell committed unidentified "procedural violations in handing the Petition III emergency motion, which demonstrate actions taken outside established procedural rules." [R 20 at 13]. Resolving a motion or petition before the Kentucky Court of Appeals is conduct that clearly falls within Judge Caldwell's judicial capacity.

matters, rather than our office, which is usually defending the financial institutions." [R. 20-1 at 10]. Shortly thereafter, the firm advised Douglas that its "representation in connection with the lawsuit filed by Central Bank in Fayette Circuit Court, Civil Action No. 19-CI-00812, has concluded and, as a result, the attorney-client relationship between us has ended." *Id*. at 8. In August 2020, Douglas emailed one of the attorneys seeking recommendations for mediators and she responded with the names of some mediators in the area. *Id.* 12-15.

"Motions to disqualify are viewed with 'disfavor' and disqualification is considered a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *In re Valley-Vulcan Mold Co.*, 237 B.R. 322, 337 (Bankr. App. 6th Cir. 1999) (quoting *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993)). The party seeking disqualification carries a heavy burden because "a party's choice of counsel is entitled to substantial deference." *Id.* To determine whether disqualification may be required, the Court considers whether

> (1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification.

*Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (6th Cir. 1990).

The plaintiffs have not satisfied the first factor since there is no allegation that the attorneys currently representing the defendants, who are based in the Louisville office of Dentons, represented the plaintiffs previously or had any involvement in the underlying forfeiture proceeding. And while the Wains broadly assert that Dentons possesses confidential information that could be used to the plaintiffs' disadvantage, the defendants report that the Wains were only prospective clients of Dentons and did not share any confidential information that could materially advance the defendants' position. At bottom, the Wains have not pointed to

any actual conflict of interest and have not satisfied the onerous burden of establishing that disqualification is appropriate. *See Lattanzio v. Brunacini*, No. 5:16-171-DCR, 2016 WL 7177610, at *4 (E.D. Ky. Dec. 8, 2016) (observing that "disqualification is only appropriate in cases of an actual conflict of interest").

Based on the foregoing, it is hereby **ORDERED** as follows:

1. The defendants' motion to dismiss [**R. 15**] is **GRANTED**.

2. The Court will enter a corresponding Judgment.

This 1st day of July, 2025.

Gregory F. Van Tatenhove
United States District Judge